## CANFIELD *v.* BATES.

UNDER our statutes, undertakings are on the same footing with bonds.
Where an instrument, purporting to be a bond on appeal, contains words of obligation, and has a scroll opposite the name of one of the two signers, who contemporaneously verify the instrument as their bond, it is the bond of both.
A refusal by the County Court, on appeal from a Justice, to permit an amendment of the complaint, is matter of discretion, and there being no affidavit of materiality, nor any showing of the importance of the amendment, this Court will not interfere.

APPEAL from the County Court, Contra Costa County.

Forcible entry and detainer. The Justice rendered judgment for plaintiff. Defendant appealed to the County Court, filing with the Justice an instrument, in the following words, to wit:

"Know all men by these presents, that we, John Zellers and José Silva, are held and firmly bound, unto John Canfield, in the penal sum of three hundred dollars, well and truly to be paid, firmly by these presents.

The condition of this undertaking is such that, *whereas*, John Canfield has recovered judgment against Philip Betz, in an action of forcible entry and detainer, before E. F. Weld, Esq. Justice of the Peace, in and for Township No. 1, Contra Costa County, on the 24th day of June, 1858, and the said Betz has taken an appeal to the County Court of Contra Costa County. Now we, John Zellers and José Silva, agree and bind ourselves to pay all costs of such appeal, and abide the order the Court may make therein, and pay all rent, and other damages justly accruing during the pendency of such appeal; provided, the County Court affirms said judgment, or by the judgment of the County Court, said defendant is made liable to costs, rents, or damages.

JOHN ZELLERS,
JOSE SILVA.     [L. S.]

State of California; County of Contra Costa, *ss :*

We, John Zellers and José Silva, sureties in the foregoing bond, being duly sworn, each for himself, depose and say : that he is a resident and householder in this county, and that he is worth the amount specified in the within bond, in property in this State, unincumbered and liable to execution, and not subject to the homestead law.

JOHN ZELLERS,    [L. S.]
JOSE SILVA.     [L. S.]

Canfield *v.* Bates.

Sworn and subscribed to before me, this 24th day of June, 1858.

E. F. Weld, Justice of the Peace.

Approved June 27th, 1858.                E. F. Weld,

'Justice of the Peace."

The defendant did not file an affidavit under the 16th Section of the Act of 1858, p. 90. Plaintiff served notice on defendant to have his sureties justify, which notice was disregarded. At the trial the counsel of plaintiff moved to dismiss the appeal, because of the insufficiency of the bond, assigning as reasons: 1st. That the bond had not a sufficient seal. 2d. That the sureties failed to justify after notice, excepting to them, had been served upon defendant. 3d. That no affidavit was made under the statute of 1858. The Court overruled the motion, and plaintiff excepted.

Plaintiff also, just before the trial, asked to amend his complaint, by inserting an unlawful detainer, no affidavit being offered. The Court refused leave, and plaintiff excepted.

The cause having been tried before the Court, judgment was rendered for defendant. Plaintiff appeals.

*John Wilson,* for Appellant, to the point that the paper filed as a bond on appeal to the County Court, is no bond, cited: 1 Blackf. 240; *Herman* v. *Herman,* 1 Bald. C. C. R.; *Grimsby* v. *Riley,* 5 Mo. 280; *Glascock* v. *Glascock,* 8 Id. 577; 7 Gill & John, 285; 1 Munf. 487; *Taylor* v. *Glasser,* 2 Sergt. & Rawle, 502.

*J. Franklin Williams,* for Respondent.

1. The terms "bond" and "undertaking," are synonymous in our statutes as to appeals. (Wood's Dig. 211, Art. 1082, Sec. 348; p. 469, Sec. 16.)  2. A scroll with the letters [L. s.] is a good seal. 3. The statute did not require the sureties to justify; an approval by the Justice is sufficient. (Sec. 16, last cited.)  4. Plaintiff could not amend by substituting a new cause of action, to wit: unlawful detainer.  (9 Cal. 46.)

*Sam. Bell McKee,* also, for Respondent, argued: that the bond on appeal was properly conditioned, had two sufficient sureties, and was approved by the Justice; and that the affidavit, required by the Act of 1858, is only necessary when a stay of res-

titution is demanded; that even if the term " bond," as used in the statute, *ex vi termini*, imports a sealed instrument, still, the instrument in question is a sealed instrument.  It purports to have been made under the hands and seals of the parties.  There is a scroll to the name of one of the signers.  A scroll is a seal. (*Hastings* v. *Vaughan et al.* 5 Cal.)

Where there is a seal to the signature of one of the parties to an instrument signed by two or more persons, and the instrument recites that it was sealed by the parties thereto, it is a manifest adoption by each one of the seal.  (*Flood* v. *Vandes*, 1 Black, 102; *Davis* v. *Burton*, 3 Scam. 41; *McLean* v. *Wilson*, Id. 50; *Bohannon* v. *Lewis*, 3 Monroe, 376; *State Bank* v. *Bailey*, 4 Pike; *Carter* v. *Chandron*, 21 Ala. 72; *Bowman* v. *Robb*, 6 Barr.)

The motion to amend the complaint as proposed, was properly denied, because, in actions of this kind, " amendments to a complaint in matters of form only can be allowed." (Sec. 20, Act concerning Forcible Entry, etc. Wood's Dig. 470.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

We think the judgment should be affirmed.

1.  The bond, if not technically such, was substantially, a compliance with the statute.  Taking all of our statutes together, the obvious design was to put an undertaking on the same footing as a bond.  This instrument contains words of obligation, and has a scroll, [L. S.] opposite the name of one of the signers.  This is enough when the paper is executed by both, who, contemporaneously, verify the instrument by affidavit, as their bond, to make it the deed of both.

2. The refusal to grant the amendment was matter of discretion, which we do not think proper to interfere with.  There was no affidavit of the materiality of the amendment, nor any other showing that it was important.

3. The bond seems to have been approved by the Justice, and this is sufficient.

We do not think this a case in which we can review the evidence.

Judgment affirmed.