## DYER *et al.* v. McPHEE.

*(Supreme Court of Colorado, April Term, 1882---Appeal from the Arapahoe District Court.)*

1. CONSIDERATION—PROMISE. Benefit to the promisor is not essential to a valid consideration. The law distinguishes between cases in which the consideration is a benefit to him who makes the promise, and cases in which it is an injury to him who receives it. The executed promise of McP. to secure the acceptance by the Odd Fellows Lodge of a bond executed by himself and others, in lieu of the bond upon which the defendants were sureties, and the delivery of their bond to the defendants, was a sufficient consideration to support the promise of defendants to pay McP. the $880 sued for.

2. AMENDMENT—A MATTER WITHIN THE DISCRETION OF THE COURT. A motion to amend a pleading is a matter resting in the sound discretion of the Court, and a denial of such motion not ground for reversal unless it was a plain and arbitrary abuse of such discretion, which is not the case where two amendments have previously been allowed, and the former motion made at the trial, notwithstanding the proposed amendment was a denial of a material allegation of the complaint theretofore uncontroverted. The Court, in its discretion, may protect the plaintiff against hardship arising from the laches of the defendant.

3. INSTRUCTIONS. It is error to instruct the jury that a statement is ad-

mitted by the pleadings, when such statement is denied in the answer; but when the said fact, under the evidence, stands as one of the undisputed facts of the case, clearly and fully established by the evidence—there being no conflict of testimony on the point—the defendants were not prejudiced by the error.

ELBERT, C. J. Of the nineteen assignments of error we will notice in their order those we regard as worthy of attention.

(1.) The plaintiff's demurrer to the amended answer was properly sustained. The executed promise of the plaintiff, McPhee, to secure the acceptance by the Odd Fellows Lodge, of another bond executed by himself and others in lieu of the bond upon which the defendants were sureties, and the delivery of their bond to the defendants, was a sufficient consideration to support the promise of the defendants to pay McPhee the $880 sued for.

That no benefit accrued to the defendants by the surrender of their bond was not a good defense, as showing want of consideration.

Benefit to the promisor is not essential to a valid consideration. The law distinguishes between two classes of cases: (1.) Those where the consideration is a benefit to him who makes the promise, and, (2,) those in which it is an injury to him who receives the promise.

"It is a perfectly well settled rule," says Mr. Parsons, "that if a benefit accrues to him who makes the promise, or if any loss or disadvantage accrues to him to whom it is made, and accrues at the request or on the motion of the promisor, although without benefit to the promisor, in either case the consideration is sufficient to sustain assumpsit." 1 Par. Con., 431.

In *Clark* v. *Sigourney*, 17 Conn., 518, it is said: "Any act done by the promisee at the request of the promisor, by which the former sustains any loss, *trouble or inconvenience*, constitutes a sufficient consideration for a promise, although the latter obtains no advantage therefrom; and in respect to the extent of such loss, trouble or inconvenience, it is immaterial that it is of the most trifling description, provided it be not utterly worthless in fact and in law."

The facts of the above case strongly illustrate the principle. The defendant was sued on his promissory note for $300. It was found that the consideration of the note was a deed delivered, which was a release, without covenants, of all the right and title of the

makers in the premises described, and that *the makers of the deed had no interest or right whatsoever in the premises to release.* The Court say: "That the execution and delivery of the deed were at the request of the defendant, and were attended with at least some actual trouble and inconvenience, is, in our opinion, a sufficient consideration to support the promises declared on."

It was not for the plaintiff to inquire why the defendants desired to take up their bond, or whether the defendants were liable on their bond, under the lien laws of Wyoming. It is sufficient that the defendants did wish to get possession of the bond, that they treated with the plaintiff to that end, and that, in pursuance of the agreement, the plaintiff incurred the expense and trouble of negotiating with the lodge for the surrender of bond of the defendants, secured its surrender by executing a new bond signed by himself and others, and delivered the bond of the defendants to them as requested.

Nor does it appear by the amendment that no liabilities or hazards were assumed by the plaintiff by the terms of the bond substituted for the bond of the defendants.

We think the objections to the amended answer were properly sustained.

(2.) The denial of the defendants' motion to amend their answer rested in the sound discretion of the Court.

"Where motions are addressed to the discretion of the Court, nothing short of a plain and arbitrary abuse of right will justify an appellate Court in reversing such discretionary judgment." *Byers et al.* v. *McPhee*, 4 Colo., 204.

The action had been pending over two years. The defendants had already twice amended their answer; the issues had been made up for several months. The plaintiff had presumably prepared for trial with reference to the issues as they stood, and the motion to amend was not made until the day of trial. The amendment was a denial of a material allegation of the complaint, which, up to this time, had stood admitted by the pleadings, and to support which the plaintiff cannot be presumed to have made any preparations. In view of the laches of the defendants, and the probable hardship to the plaintiff, it cannot be said that the discretion of the Court was not properly exercised.

(3. The letter of O'Connor was admissible as tending to impeach his testimony touching the $500, which it was claimed was part of the $880 sued for.

(4.) The first instruction related the condition of the pleadings, and stated the allegations of fact which thereby stood admitted, and which the jury were instructed to take as true. The allegation of the complaint *that the Odd Fellows had paid over to the defendants $880 to be disbursed by them*, was denied by the answer, and it was error to instruct the jury that it was admitted by the pleadings.

An examination of the evidence, however, shows that the fact alleged was one of the undisputed facts of the case. Although denied by the answer it was clearly and fully established by the evidence, there being no conflict of testimony on the point.

This being the fact, it is clear that the defendants were prejudiced by the error.

(5.) To the remaining instructions given by the Court, we find no substantial objection. They correctly stated the law upon the facts.

Upon the merits there is but little or no room to doubt the justice of the verdict. If, as McPhee testifies, Dyer handed the money to O'Connor instead of McPhee, there clearly was no payment to McPhee. If, as Dyer testifies, he laid the money on the table, it still does not appear to have come under the control or dominion of McPhee, as O'Connor immediately took possession of it, and left the room in company with the defendant, Marvin. If, as O'Connor testifies, the money was paid to him in pursuance of an understanding had with Dyer the night before, then there was not only no payment, but a conspiracy to cheat and defraud McPhee.

The judgment of the Court below is affirmed.

*C. W. Wright*, for appellants.

*Markham & Patterson*, for appellee.