Giese, Respondent, vs. Schultz, Appellant.

*October 11 — November 1, 1887.*

*Breach of marriage promise: Burden of proof: Damages: Evidence: Seduction: Setting aside verdict.*

1. Where, upon the trial of an action for a breach of a promise to marry, and for seduction in reliance upon such promise, the defendant draws out from the plaintiff, by cross-examination, testimony tending to show that the alleged intercourse was in fact effected by force and without the plaintiff's consent, the jury may properly be directed to disregard such testimony.

2. In an action for a breach of a promise to marry, the burden of proving the marriage contract as alleged is upon the plaintiff, and it

must be proved by a preponderance of evidence; but the jury are at liberty to base their verdict upon the unsupported testimony of the plaintiff, if it is of sufficient probative force to convince them of its truth.

3. In an action for the breach of a promise to marry, the fact of seduction in reliance upon such promise may be given in evidence, and be considered as enhancing the damages.

4. A verdict for the plaintiff for $2,144, upon the third trial of an action for the breach of a promise of marriage, and seduction under such promise, will not be set aside as excessive, where it is nearly a medium between the two previous verdicts.

5. Nor will such verdict be set aside as being a gambling verdict, upon consideration of its amount alone, without other evidence appearing on the record.

6. The fact that the court, upon being informed by the jury that they could not agree, sent word to them by the attending officer that he could not then discharge them, and that it was their duty to use every reasonable effort to come to an agreement, is not ground for setting aside a verdict and granting a new trial.

APPEAL from the Circuit Court for *Winnebago* County.

Action for the breach of a promise to marry, and for seduction in reliance upon such promise. On the first trial the jury gave to the plaintiff a verdict for $1,050; on the second trial a verdict for $3,500, and on the third trial one for $2,144. The testimony upon each trial was substantially the same, except as appears in the opinion.

Upon the third trial the defendant asked the court to charge as follows: "While, under the present state of the law, a jury *may* be justified in finding a verdict in favor of the female plaintiff *upon her own testimony*, uncorroborated by other evidence, still the nature of this class of cases is such that the jury ought to weigh the evidence *with special care;* and unless satisfied, by a preponderance of all the testimony adduced in the case, that the plaintiff's allegations are clearly established, then the jury ought to find for the defendant," and excepted to its refusal to do so.

In support of a motion to set aside the verdict, the defendant filed with the trial court an affidavit of one of his

attorneys that he had requested the officer in charge of the jury to make affidavit as to conversations heard between the jurors while deliberating, to the effect that they agreed to arrive at their verdict as follows: That each juror should set down a sum for damages, and that the twelve sums should be added up and divided by twelve, and that the quotient should stand as the verdict; that the officer refused to make the affidavit, though admitting, substantially, that he knew such facts. On examination before the court, the officer testified that he did not know the facts to be as alleged. The defendant also made affidavit that one of the jurors had informed him that the verdict was so arrived at. These affidavits were not included in the printed " case," but were contained in the appellant's " brief and points." This motion was denied and judgment entered on the verdict, from which the defendant appeals.

For the appellant there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan,* and oral argument by *F. W. Cotzhausen.* They contended that no promise to marry was established. The plaintiff's own testimony showed a case of rape, not of seduction, and the court erred in directing the jury to disregard it on that point. The court also erred in refusing to give the instruction asked by defendant. The damages given by the verdict are excessive, and even exceed the plaintiff's whole estate. And such verdict was a gambling verdict. It speaks for itself, and was influenced by the refusal of the court to discharge the jury, and its direction as to efforts to agree.

*E. L. Runals,* for the respondent.

CoLE, C. J. This case has been before this court on two previous appeals (53 Wis. 462, and 65 Wis. 487), and the law applicable to it fully settled. It is now objected that the circuit court on the last trial misapplied the directions of this court, as given on the former decisions, in several

respects.    We do not think this objection is sustained by the record.    True, the plaintiff's testimony does not contain all the matters which she detailed upon the other trials. But some of her statements as then made in respect to miscarriage, and forcible sexual intercourse with the defendant against her will, had been held to be improper in the action, and she did not refer to these things except in answer to questions put to her upon cross-examination.    It is said, in a case like this, the plaintiff should not be permitted to change her testimony as to material facts as elicited on the former trial.    But surely it cannot be seriously claimed that she should be allowed to repeat statements which this court had already held to be improper.    On cross-examination, the plaintiff testified, in answer to questions, that the defendant had intercourse with her the first two times against her will.    The court directed the jury to entirely disregard this testimony.    This would seem to be all that the court could do to render harmless testimony which the defendant's counsel had brought before the jury.    The testimony was certainly improper, and the court was right in directing the jury to disregard it.

The charge of the court is criticised in several respects. It is too lengthy to be quoted entire, but an examination of it will show that the criticisms passed upon it are not well founded.    We are satisfied the learned circuit court endeavored to follow the decisions of this court in its charge. The jury were told, among other things, that the burden of proof was upon the plaintiff to prove the marriage contract as alleged, and that she must do this by a preponderance of testimony; that, if the jury found the evidence on this point evenly balanced, there could be no recovery.    The plaintiff's case rested mainly, if not entirely, upon her own testimony; but, if this was of sufficient probative force to convince the jury of the truth of her statements, they were at liberty to base their verdict upon them, though unsup-

ported by other evidence. In 65 Wis. it is said: "So long as the law remains as it is now, we have no right to say that her verdict cannot be supported by her testimony alone in such an action." The court directed the jury, in determining whether or not there was a marriage engagement between the parties, it was their duty to examine all the facts and circumstances given in evidence upon that question, the situation and conduct of the parties, the length of time the visits of the defendant continued at the house of the plaintiff, the regularity and continuing character of the visits or otherwise, the reasonableness or unreasonableness of the story which each of the parties had told under oath, whether they were contradicted or confirmed by other evidence, or whether they contradicted or were consistent with other parts of their own evidence; also, that if the jury found from the evidence that there was an engagement of marriage between the parties, as alleged by the plaintiff, and that the defendant was guilty of a breach of such engagement, and further found that the defendant made such a promise to thereby seduce the plaintiff, and did seduce her under and by means of such engagement, they might increase the damages resulting from a breach of the contract of marriage. This was but following the rule laid down in 53 Wis., and in *Leavitt v. Cutler*, 37 Wis. 46, where it is held that seduction in a case like this, under promise of marriage, may be proven and considered as enhancing the damages. The court gave some instructions asked on the part of the defendant, and refused others. Those which were refused were either objectionable as drawn, or were embraced in the general charge. On this branch of the case, we conclude what we have to say by the remark that the cause seems to have been fairly submitted, and there is nothing in the charge or instructions given or refused of which the defendant can justly complain.

After the jury retired to deliberate upon the verdict, this incident occurred: "*By the court.* Mr. Wright, you have that jury in charge? *Answer.* Yes, sir.. *By the court.* You say to them that the court has received the communication that they cannot agree, and that I cannot discharge them now; that it is their duty to use every reasonable effort to come to an agreement." This proceeding was excepted to at the time, and it is claimed that it was such an irregularity that it should work a reversal of the judgment. If we assume that this message was communicated by the officer to the jury,— of which there is no proof,— still we do not think it affords ground for setting aside the verdict. It was the duty of the jury to agree upon a verdict if possible, and it was largely in the discretion of the court how long they should deliberate before they were discharged. Even if the communication was irregular, we cannot presume that it tended to the prejudice of the defendant in any way.

The verdict is excepted to because it is said it was a gambling verdict; that is, that there was an understanding between the jurors that each should mark a sum, and that the twelve sums should be added together and divided by twelve, and the quotient should be adopted as the verdict. There is really no evidence whatever in the record to show that the verdict was arrived at in that manner. We must presume, in the absence of proof to support the contrary supposition, that the verdict.was the deliberate result of the individual judgment of the jurors, or that there was nothing wrong or unusual in the mode of arriving at the amount of damages.

But it is said the damages are excessive, and for that reason there should be a new trial. There have been three verdicts in this case. The first was for $1,050; the second, for $3,500; the present verdict is for $2,144. In view of these repeated trials and verdicts, we cannot say that the

amount of damages affords any evidence of partiality or bias, or of any unworthy motive on the part of the jury in arriving at the result they did. The action is for breach of promise of marriage and seduction, where the amount of damages is largely under the control of the jury. They are the proper persons to determine, from all the facts, what compensation the delinquent party shall make for the breach of the engagement. The fact that a former jury gave a much larger verdict is entitled to some weight; and, upon the whole record, we are unwilling to disturb the verdict on the ground that the damages are excessive. The authorities cited on the brief of plaintiff's counsel show that much larger damages have frequently been awarded in this class of cases, and upheld by the courts.

This disposes of all the material questions in the case.

*By the Court.*— The judgment of the circuit court is affirmed.