BUDDEE v. SPANGLER.

1. SHERIFFS AND CONSTABLES — ATTACHMENT — UNLAWFUL SEIZURE — EVIDENCE OF REGULARITY.— A sheriff who, under an attachment regular on its face, seizes goods in the possession of one not a party to the writ, to whom the attachment defendant, the real owner, has transferred the goods to defraud creditors, need not, to justify such seizure, prove the regularity of the proceedings prior to the attachment.

2. PLEADING — AMENDMENT — HARMLESS ERROR.— It not being essential to the justification of a sheriff in such case, when sued for the seizure by the person from whose possession the goods were taken, to show the regularity of the proceedings before the issuing of the writ, it is not error prejudicial to plaintiff to permit defendant to amend his answer by alleging the filing of the affidavit and bond before the writ was issued.

3. SAME — DISCRETION OF COURT.— Such an amendment is discretionary with the trial court and may be permitted, though the facts contained therein were known to defendant before filing a former amended answer, and without any affidavit showing cause therefor.

4. EVIDENCE — COMPETENCY — MATERIALITY.— On the trial of such an action, a check given by a third party to plaintiff before the levy

of the attachment, and by her given to one of the members of the firm from whom plaintiff received the goods, to whom it was paid, is immaterial and irrelevant as evidence for any purpose.

5. SAME — TESTIMONY ON FORMER TRIAL.— The testimony of a party to an action given on a former trial may be introduced against him on a second trial, though he is present in court and may be called as a witness.

6. SHERIFFS AND CONSTABLES — UNLAWFUL SEIZURE — JUSTIFICA-TION.— The jury having been instructed that defendant could justify the taking under the attachment unless plaintiff was a *bona fide* purchaser, a further instruction, that the writ of attachment, affidavit, bond and transcript of the record introduced in evidence authorized a levy on the goods of the attachment defendant, sub-ject to levy, is proper; so much thereof as refers to the affidavit and bond being harmless surplusage.

7. APPEAL — PRACTICE — RECORD.— Act 1885, prescribing that when an appeal is taken the abstract of record shall contain so much of the record as is essential to a full understanding of the questions involved, does not affect an appeal already perfected by the filing of the requisite bond before the passage of the act.

8. JURY — COMPETENCY OF JUROR.— Where, upon the *voir dire* of a juror, he states that the plaintiff is a sister-in-law of his brother; that he knew more of the case than he should; and that he had some bias in the case because it interested his friends,— he should be excused.

*Appeal from District Court of Arapahoe County.*

APPELLANT, Lucia Buddee, who was plaintiff below, brought this action against Michael Spangler, the appel-lee, to recover the possession of certain personal property, or the value thereof, and alleged in her complaint that on the 28th day of February, 1883, she was the owner of said property; that defendant on said day wrongfully took said property from her possession; and that he un-lawfully withholds and detains the possession of the same to plaintiff's damage of $1,000.

Defendant, answering the complaint, denied that plaintiff ever was the owner of the goods therein men-tioned or any of them; and denied said goods were of the value alleged in the complaint; denied that he took said property from the possession of the plaintiff; alleged

that at the time the property was taken he was sheriff of Arapahoe county, and justified the taking under a writ of attachment issued out of the county court of said county in a certain action of Kilpatrick & Brown against A. E. Buddee & Co.; that said writ of attachment was issued upon a valid and subsisting indebtedness due from said Buddee to Kilpatrick & Brown, upon which judgment was subsequently recovered; that the affidavit and bond in attachment in said action were filed as required by law prior to the issuance of the writ of attachment; that he levied said writ of attachment upon the property described in the complaint and was holding the same under the attachment at the commencement of this action; that he returned said writ of attachment to the court as required by law; that said property was taken from the possession of Albert E. Buddee and was owned by him; admits that plaintiff held a pretended bill of sale from A. E. Buddee for said goods, but says she was not in possession of said goods and alleges that they had never been removed from the possession of A. E. Buddee; alleges that said pretended bill of sale was made in anticipation of the levy by defendant to prefer the plaintiff, who was a pretended creditor of said A. E. Buddee; that plaintiff did not pay any consideration for the pretended transfer, but took the same knowing that A. E. Buddee was insolvent and was being pressed by Kilpatrick & Brown to pay their claim, and that such transfer was in fraud of the rights of Kilpatrick & Brown; that said pretended bill of sale was executed by A. E. Buddee to the plaintiff, his mother, in fraud of his creditors and without consideration, to prevent Kilpatrick & Brown from collecting their debt; that said pretended bill of sale was null and void; and that said goods were owned by A. E. Buddee when defendant levied upon them.

Plaintiff, replying to said answer, denied each allegation thereof and averred the payment of full consideration for the sale of said property to her by A. E. Buddee.

The jury returned the following verdict: "We, the jury, find the issues joined herein for the defendant, and that he is entitled to a return of the property replevied from him in this action, or the value thereof, which we find to be $470."

Judgment for defendant entered on the verdict.

Messrs. STEELE & MALONE and ROBERT GIVEN, for appellant.

Mr. JOHN L. JEROME, for appellee.

RISING, C.   The first assignment of error questions the ruling of the court in excusing Herman H. Meyer from serving as a juror.   It was shown from the examination of the juror that the wife of the juror's brother was a sister of the plaintiff, and the juror stated that he knew a good deal more about the case than he ought to, and that he had some bias and interest in the case because it interested his friends.   The court did not err in excusing this juror.

The second, fifth, sixth and seventh assignments of error question the rulings of the court in admitting in evidence the writ of attachment in the case of Kilpatrick & Brown against Albert E. Buddee in the county court of Arapahoe county, the affidavit for an attachment in said action, the certificate of the clerk of said court that the complaint, affidavit and undertaking were filed in said action, and a summons and writ of attachment issued therein, and a transcript of the judgment entered in said action.

These assignments are each based upon the proposition that the affidavit for an attachment in the action of Kilpatrick & Brown against Buddee is so defective that it did not authorize the issuance of the writ of attachment, and we may therefore consider the said assignments together.

The consideration of the sufficiency of the affidavit is

objected to by appellee on the ground that such affidavit is not set out in the abstract of the record furnished by appellant, and this objection is based upon the claim that the appeal was taken under the provisions of the act of 1885 concerning appeals to the supreme court, and that, under the provisions of sections 16 and 17 of said act, the abstract of record must set forth so much of the record as may be necessary to a full understanding of the questions presented for decision, and that matters not so set forth cannot be considered. In answer to this objection appellant contends that an appeal bond having been filed before the passage of the act of 1885, the appeal was perfected under the law existing at the time of the filing of said bond, and that all subsequent proceedings upon the appeal may be prosecuted in accordance with the practice under the law repealed by the act of 1885. We have no doubt of the correctness of the position contended for by appellant. The affidavit stands as a pleading, and is properly brought up by the record. *Goss v. Commissioners*, 4 Colo. 468.

It is contended by counsel for appellant, in support of these assignments of error, that when property is taken from the possession of a stranger to the writ, who claims title thereto by purchase from the defendant in such process, and the sale of such property is valid as between the parties to it, but void as to the creditors, the officer can justify the taking in such case only by showing that he represents a creditor, and that the writ under which he seized the property was regularly issued, and that the affidavit required by the statute to be made before a writ of attachment shall issue must conform strictly with the requirements of such statute in order to make the issuance of such writ regular, and that, if such affidavit does not so conform with the requirements of the statute, all proceedings under the writ are void.

The rule contended for, and as recognized by the courts of several states, is clearly stated in Drake, Attachments,

section 185a, as follows: "When the officer attaches property found in the possession of the defendant, he can always justify the levy by the production of the attachment writ, if the same was issued by a court or officer having lawful authority to issue it, and be in legal form. But when the property is found in the possession of a stranger claiming title, the mere production of the writ will not justify its seizure thereunder; the officer must go further, and prove not only that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued." We are not called upon to either recognize or reject the rule contended for, as it has no application to the case presented. The main fact upon which the rule is based is that the property is taken from the possession of a stranger to the attachment proceedings. In the case under consideration appellant was a stranger to the attachment proceedings, and claimed title to the property, and in her complaint alleged that such property was taken from her possession by appellee; and the appellee denied that he took the property from the possession of appellant, and alleged that he took the property from the possession of the defendant in the attachment proceedings, and that it was his property. To enable appellant to successfully invoke the rule contended for, she must show that she was in the actual and *bona fide* possession of the property at the time it was taken by appellee. In one of the best-reasoned cases cited in support of the rule it is said: "If, however, a sale by the debtor were simply colorable, or only a transfer of the possession merely for concealment, with no intention of transferring the title, the writ alone, if regular on its face, and emanating from a tribunal having jurisdiction of the subject-matter, it will be a full protection to the officer in an action by one so holding possession of the debtor's property." *Keys v. Grannis*, 3 Nev. 548, 550. It is also announced in *Thornburgh v. Hand*, 7 Cal. 554, 567, that possession under a

colorable sale merely is not sufficient to bring a case within the rule contended for by appellant, and the following rule, as laid down by Starkie on Evidence, is quoted with approval: "If the assignment and delivery of possession were merely colorable, and the property still remained in the debtor against whose goods the execution issued, the sheriff, it seems, would be entitled to a verdict without proof of the judgment; the plaintiff. having no property in the goods." Whether the property taken by appellee was owned by appellant or by the defendant in the attachment proceedings, and whether the same was taken from the possession of the appellant or from the possession of the defendant in attachment, were issues that were raised by the pleadings, which issues were found for the defendant by the verdict of the jury; and, there being evidence tending strongly to show that the sale of the property by the defendant in the attachment proceedings to appellant, and her possession thereunder, were merely colorable, the findings of the jury upon these issues cannot be disturbed, and such findings take this case out of the rule contended for.

On the trial appellee was allowed to amend his answer by pleading the filing of the affidavit and undertaking prior to the issue of the writ of attachment under which he justified the taking of the property, and upon this ruling the third assignment of errors is based. It rests in the sound discretion of the court to allow or to refuse to allow an amendment to the pleading. *Dyer v. McPhee*, 6 Colo. 174, 194. It has been frequently held by the supreme court of California, under a statute in relation to amendments, from which our statute on the same subject was taken, that it is a matter of discretion with the court to allow or to refuse to allow an amendment to a pleading. *Canfield v. Bates*, 13 Cal. 606; *Gillan v. Hutchinson*, 16 Cal. 154, 157. The fact that the matter set up in the amendment was known to the appellee. when he filed his amended answer does not show such

laches as will authorize this court to say that there was an abuse of such discretion by the court. *Pierson v. McCahill,* 22 Cal. 128, 131. In *Gavitt v. Doub,* 23 Cal. 79, the defendant was permitted to amend his answer upon the trial. Upon an appeal by the plaintiff it was urged by counsel for appellant that the court erred in allowing the amendment, for the reason that no showing was made, and no reason given why an amendment was necessary; but the court held that the amendment was properly allowed. This last case cited is directly in point against the proposition contended for by counsel for appellant, that the court has no power to allow an amendment of the nature and character of the one under consideration, except upon affidavit showing cause therefor, after notice to the adverse party.

Under the views we have expressed upon the second, fifth, sixth and seventh errors assigned, the evidence admitted under said amendment becomes wholly immaterial, as it has no bearing upon the question of ownership or possession raised by the pleadings; so that, had the court erred in allowing the amendment, it would have been error without prejudice, for the allowance of the amendment and the admission of evidence thereunder could not possibly work any injury to appellant.

The fourth error assigned is that the court erred in allowing the defendant to introduce in evidence the testimony of appellant given on the trial of this action in the county court. The objection made to the introduction of this evidence, and to the reading of the same to the jury, was that appellant was present in court and could have been made a witness. This objection is not well taken. The sworn testimony of a party to an action may be used against such party as an admission. *Clayton v. Clayton,* 4 Colo. 410, 417.

Appellant was called as a witness in rebuttal, and produced a check drawn by Best, Wilder & Co. on the City National Bank, to the order of appellant, for $2,033.33,

and dated July 21, 1882, and was indorsed by appellant and Albert E. Buddee, and stamped "Paid" by said bank July 22, 1882, which check witness said she gave to her son, and that he took the same to the bank. Appellant then offered the check in evidence. Appellee objected to its introduction on the ground that it was irrelevant and immaterial, which objection was sustained; and upon this ruling the seventh assignment of error is based. The evidence offered did not tend to prove any issue made, was not relevant for any purpose, and was properly rejected.

The court instructed the jury that the writ of attachment, the attachment affidavit, the bond, and the certified transcript of the record from the county court, introduced in evidence by the appellee, were sufficient to entitle the plaintiffs in the attachment suit to levy upon any of the property of the defendant in said suit subject to levy for the satisfaction of his debts or his indebtedness to them. To the giving of this instruction appellant excepted, and the twelfth assignment of error is based thereon, and in support of this assignment counsel asserts that the instruction is inapplicable to the case. This instruction must be considered in connection with other instructions given to the jury; and they were instructed, among other things, that appellee could justify the taking of the goods under the writ unless the jury should be satisfied from the evidence that appellant bought the goods in good faith; and that to warrant them in finding a verdict in favor of appellant they must be satisfied from the evidence that she purchased the goods and took possession of them in good faith.

These several instructions, taken together, say in substance to the jury: "You must first find from the evidence whether the purchase of the goods by appellant, and her possession of them under such purchase, were merely colorable, and made and taken only for the purpose of concealment, or whether such purchase and pos-

session were made and taken in good faith by her; and if you find that such purchase and possession were not made and taken in good faith, then the attachment proceedings, as shown by the affidavit, bond and writ, were sufficient to authorize the levy." No claim is made that the writ is not regular on its face, and, the purchase and possession not being in good faith, appellee could justify under the writ alone; so that so much of said instruction as relates to the affidavit and bond may be treated as surplusage in no way injuriously affecting appellant's rights, and the other portions of said instructions are clearly applicable to the case.

The thirteenth assignment of error is based upon an instruction that authorized the jury to consider the evidence in relation to the consideration paid by appellant for the goods, and the objection to said instruction is that inadequacy of consideration could not properly be considered by the jury, for that no such issue is made in the pleadings. This argument is not well founded. Appellee, in his answer to the complaint, expressly alleges that appellant paid no consideration for the pretended transfer of said goods to her by the defendant in the attachment proceedings.

The eighth, ninth and tenth assignments are not insisted upon in the argument, and will be deemed to have been waived.

The judgment should be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is affirmed.

*Affirmed.*

MR. JUSTICE ELLIOTT having tried this case below did not participate in this decision.