The Cascade Ice Company v. The Austin Bluff Land and Water Company.

1. Findings.

The findings of the trial court upon conflicting testimony is conclusive upon review.

2. Amendments—Discretion.

It rests largely in the discretion of the trial court to allow or refuse to allow amendments to pleadings; and unless it is apparent that that discretion has been abused, to the prejudice of the party complaining, its exercise will not be interfered with by a reviewing court.

*Error to the District Court of El Paso County.*

Mr. T. A. McMorris, for plaintiff in error.

Messrs. Colburn & Dudley, for defendant in error.

Mr. Justice Goddard delivered the opinion of the court.

On the 31st day of December, 1890, The Cascade Ice Company instituted this action against The Austin Bluff Land and Water Company to enjoin the diversion of certain water from West Monument creek, in the county of El Paso, state of Colorado, and for cause of action alleged that it was an incorporated company, duly organized and existing under and by virtue of the laws of the state of Colorado, and was engaged in the business of cutting, storing, and dealing in, ice; that it was the owner of two reservoirs, constructed and used for the purpose of receiving and holding water for the formation of ice; that for the purpose of supplying the reservoirs with water it had appropriated the water of West Monument creek, and had diverted and used said water for the purposes aforesaid, by means of ditches and seepage from

the stream; that the defendant company, by means of a pipe line constructed after plaintiff's appropriation of the water, wrongfully diverted all the water of said creek, and totally deprived plaintiff of all the water flowing therein, as well as the seepage water theretofore appropriated by it.

The defendant answered, denying all the allegations of the complaint, except the averments of incorporation of the respective companies, and for a further defense averred that long before the construction of the reservoirs and feeders mentioned in the complaint, and before the plaintiff performed any physical act towards diverting and using any water therefrom, several ditches had been constructed, through which all the water flowing in West Monument creek had been appropriated and applied to beneficial uses; that through divers conveyances from the original appropriators the defendant became the owner of the ditches and said water rights, and entitled to the use and enjoyment of all the water in the creek, except when the flow exceeded 22.18 cubic feet per second of time; that after it became such owner, the defendant constructed a pipe line heading in said creek, for the purpose of conveying the water to which it was entitled by virtue of said water rights, and applying the same to irrigation and other beneficial uses; and that at no time had it conveyed through its pipe line more water than it was lawfully entitled to.

The plaintiff, in its replication, denied that the purpose and use of the water, as set out in the answer, was for a beneficial and useful, or lawful, purpose, but for purposes of speculation only; and averred that by reason of being confined and carried through defendant's pipe the water theretofore accustomed to flow down the creek, after use by the original appropriators for irrigation (and which surplus water was appropriated by plaintiff in 1887), is prevented from flowing down and reaching the plaintiff's reservoirs, as it might and would do but for such wrongful diversion.

The court below found the issues joined upon the pleadings in favor of defendant, and that the plaintiff failed to

maintain a cause of action by virtue of the law and evidence in the case, and denied its prayer for relief.

The correctness of these findings is challenged principally on the ground that the original appropriations, by virtue of which plaintiff claims the right to the water flowing in West Monument creek, being for the irrigation of agricultural lands, the use was not constant, and when used, by percolation and seepage, a portion flowed back into the stream, and passed on, to plaintiff's reservoirs, and to which plaintiff had acquired a right; that by reason of the appropriation of the water to a different purpose, through defendant's pipe line, the flow of such surplus was prevented, and plaintiff's rights thereby infringed.

Upon this issue testimony was introduced by the parties in support of their respective claims; that introduced on the part of plaintiff tending to show that at all times the entire flow of water in West Monument creek was diverted through defendant's pipe line; and that of defendant being to the effect that at no time, except on two occasions during the summers of 1889 and 1890, had its pipe line taken the entire flow of the stream, and that there was very little, if any, difference in the flow of the creek below their settler before and after the construction of its pipe line, during the months that plaintiff required water.

The court below, having found in favor of defendant's version upon this conflicting testimony, under the well settled rule we must accept its finding as conclusive upon this review.

Plaintiff had introduced its evidence and rested, and the court permitted defendant to file an amended answer, over objection.   This ruling is assigned as error upon the ground that the amendment was allowed during the trial, without any showing and without imposing any terms.   It rests largely in the discretion of the trial court to allow or refuse to allow amendments to the pleadings; and unless it is apparent that that discretion has been abused, to the prejudice of the party complaining, its action will not be interfered with

by a reviewing court. *Dyer v. McPhee*, 6 Colo. 174; *Buddee v. Spangler*, 12 Colo. 216.

In the latter case the court says: "It has been frequently held by the supreme court of California, under statute in relation to amendments from which our statute on the same subject was taken, that it is a matter of discretion with the court to allow or to refuse to allow an amendment to a pleading. * * * The fact that the matter set up in the amendment was known to the appellee when he filed his amended answer does not show such laches as will authorize this court to say that there was an abuse of such discretion by the court."

The answer as amended pleaded, with more particularity, the priorities claimed by the defendant to the use of the water flowing in West Monument creek than they were pleaded in the original answer, and set up a prior adjudication of such priorities. The record also discloses that plaintiff's replication to the original answer was filed without leave of court, after trial had proceeded for some time. The court allowed the amendment, reserving the question of costs and terms to be determined at the conclusion of the trial. We think the court committed no error in allowing the amendment.

The foregoing assignments being the only ones discussed by counsel for plaintiff in error, the judgment must be affirmed.

*Affirmed.*