[No. 5792.]

### HARRISON v. CARLSON.

1. **Appeals and Writs of Error—Questions Not Raised Below** —An objection to a proposed amendment of pleadings not raised in the court below will not be considered on appeal.—(57-59)

2. **Pleadings — Amendment —** The amendment of the pleadings during the trial is within the sound discretion of the court, which should be exercised liberally for the advancement of justice.—(60)

Reasonable time should be afforded to the adverse party to meet the new matter; but, if no request therefor is made, it will be inferred that he was already prepared to meet it.—(60, 61)

3.   Marriage Promise—Breach—Damages—It is for the jury
to determine whether the seduction of the woman under the
promise of marriage is to found an award of damages or not;
an imperative instruction to take it into consideration is error.
—(63)

*Appeal from Teller District Court*—Hon. Robert
E. Lewis, Judge.

Messrs. Crump & Brown, and Mr. Eugene
Engley, for appellant.

Mr. Henry A. Clark, Mr. E. C. Stimson, and
Messrs. Tebbetts & Munroe, for appellee.

This is an appeal from a judgment rendered in
favor of the appellee against appellant in a suit
brought by the former to recover damages for a
breach of promise of marriage.   In her complaint the
plaintiff alleged that on the third day of May, 1904,
the defendant promised to marry her within a rea-
sonable time, and that she, likewise, then and there
promised to marry him.   She further alleged that
on that date, by reason of such promise on his part,
and his attentions and professions of affection, he
persuaded and induced her to enter into improper re-
lations with him, which were continued down to the
time when the defendant refused to fulfill his promise,
and that he now refuses to marry her, although a
reasonable time has elapsed since their engagement,
and that she is now ready and willing to marry him.
She then alleges that by reason of the matters set
forth in her complaint, of which the foregoing is a
synopsis, so far as necessary to consider, she was
damaged in the sum of thirty thousand dollars.   The
answer of defendant denied all matters except the
illicit relations.   He further answered to the effect
that on or about the 11th day of February, 1904,
plaintiff commenced a similar action for breach of
promise, alleging seduction, which afterwards, on the

19th day of May following, she voluntarily dismissed.
By replication plaintiff admitted that she commenced
the action mentioned in defendant's answer, and that
it was dismissed as alleged; but avers that such dis-
missal was brought about by reason of the represen-
tations of defendant made to her on or about May
3, 1904, that he loved her devotedly and would marry
her if the action was dismissed, and that, relying
upon such representations, she caused it to be discon-
tinued.

The case was called and proceeded to trial before
a jury, upon the issues thus formulated. Plaintiff
testified in her own behalf to the promise on the part
of the defendant, the existence and continuation of
the relations alleged, and his refusal to fulfill his
promise. She was then interrogated as to what ef-
fect the refusal of the defendant to carry out his
promise had upon her. To this an objection was
interposed upon the ground that the question was in-
competent, irrelevant, immaterial and related to mat-
ters not pleaded. This objection was sustained.
Counsel for plaintiff then offered to prove by her
that because of the breach of the promise of marriage
by the defendant she had suffered greatly in mind;
that her affections and love were wounded and
bruised; that she was humiliated and brought into
contempt of the people who knew her; and that she
had suffered great mortification. This offer was re-
fused, presumably, as we gather from the argument
of counsel, upon the ground that in order to recover
damages for the items mentioned in the offer, it was
necessary for her to plead them specially in her com-
plaint, which had not been done. Plaintiff then
asked and obtained leave over the objection of de-
fendant to amend her complaint by inserting at the
appropriate place "that by reason of the matters and
things set forth in the first five paragraphs of the

complaint herein, the plaintiff has been injured by the defendant. She has suffered, and still suffers, great anguish of mind; her affections have been blighted. She has been humiliated and brought into the scorn and contempt of the people with whom she is and has been associated, and has suffered great mortification; that her health has been injured, and that each and all thereof are due to the acts of the defendant in so failing and refusing to carry out his said promise of marriage; that by such failure and refusal she has been deprived of her reasonable expectation of her future support by the defendant, and of her reasonable expectation that the defendant would, during the period of her natural life, furnish her with a comfortable home, such expectation arising from said promise of marriage.''

The court stated that the defendant would be given reasonable time, if necessary, to meet the amendment. To this counsel for defendant replied: ''We are not prepared to meet these issues.'' The court then stated: ''You will be given a reasonable time in which to prepare to meet any additional allegations on which you are not now prepared, but the case will not be continued. It will proceed to trial before this jury is discharged. You may proceed.'' To this ruling the defendant excepted.

The trial then proceeded without further objection by defendant or request for postponement. It appears from the testimony that improper relations had existed between the plaintiff and defendant something like five years prior to May 3, 1904; that plaintiff stated the defendant had promised to marry her on that date; that on the date the promise was made, as alleged in her complaint, she was about thirty-five years old and defendant thirty years of age; that the illicit relations which had existed between the parties prior to that date were immediately resumed after

the promise upon which she relies was made, and that on that date she acknowledged the receipt of three thousand dollars from the defendant in full settlement of all claims and demands whatsoever, and especially for all damages and demands set forth in a certain complaint filed in the district court of Teller county, in which she was plaintiff and defendant in the case at bar the defendant in that.

The court instructed the jury: "If you find in favor of the plaintiff, in fixing her damages you will take into consideration the effects, if any, on her mind, on her affections, on her pride, and on her health, as the result of the defendant's refusal and failure to marry her. Also, the fact, if it be a fact, that plaintiff permitted the defendant to have sexual intercourse with her on account of said marriage promise. Also, her reasonable expectation and chance of a home and support from the defendant, if said marriage had been consummated; and you will award her such sum as you believe, from all the evidence, will fairly compensate her for said injuries which she has suffered and sustained."

Counsel for defendant assign as errors (1) the action of the court in permitting plaintiff, during the trial, to amend her complaint; and (2) in giving the instruction above quoted.

Mr. JUSTICE GABBERT delivered the opinion of the court:

In support of the alleged error of the court in allowing the plaintiff to amend her complaint, it is urged that the amendment was made without any showing to support it, and that for this reason the court had no authority to allow it. According to the record no such objection was interposed below. Had it been the alleged error of the court might have been corrected, or, at least, an opportunity would have

been afforded to pass upon a question which is now raised for the first time on appeal. The complaining party must show that in some way, and at the proper time, the trial court's attention was called to that which is alleged to be erroneous, in order to have the alleged error considered on appeal.—*D. & R. G. Ry. Co. v. Rosuck,* 7 Col. App. 288; *Schilling v. Rominger,* 4 Colo. 100; *Cone v. Montgomery,* 25 Colo. 277.

The amendment was made during the progress of the trial, and was made necessary by reason of the ruling of the court on the objection of counsel for the defendant that the complaint as originally filed would not permit plaintiff to recover damages which she sought to establish by her testimony, so that the court was evidently acquainted with the facts upon which action was based in allowing the amendment, and no formal showing was necessary.—*Jordan v. Greig,* 33 Colo. 360. The granting of leave to amend a complaint during the progress of the trial is within the sound discretion of the court, which should be exercised liberally in the interests of justice, and unless in consequence of its exercise some disadvantage has resulted to the defendant, the allowance of the amendment is not a ground for a reversal of the judgment. —*Jordan v. Greig, supra; Davis v. Johnson,* 4 Col. App. 545; *Cascade Ice Co. v. Austin Bluffs L. & W. Co.,* 23 Colo. 292.

It is next urged in support of the assignment of error under consideration that the court erred in not granting a continuance after the amendment was allowed, or time to the defendant to prepare to meet the new issues tendered by the complaint. Where an amendment to a complaint is allowed during a trial which enlarges the scope of the inquiry regarding damages, the court, under such circumstances, should not hold the party who claims he is not prepared to meet the new issues, to a very strict or formal show-

ing in this respect.  A party is not required to make preparation to defend an action which by an amendment introduces entirely new elements of damages into the case.  It cannot be assumed that the preparation made to defend the case before the amendment was made was all that he desired to make, or could make, to meet the case as it stood after the amendment was allowed.  For these reasons a trial court, when an amendment to a complaint is allowed at the trial which materially changes the matters which may be considered in estimating the damages claimed by the plaintiff, should allow the defendant a reasonable time, upon a proper showing and request, within which to prepare to meet the case as made by the amendment.—*C., R. I. & G. Ry. Co. v. Groner,* 100 S. W. (Tex.) 137; *Flint v. Atlas Mut. Ins. Co.,* 112 N. W. (Iowa) 1.

We must not be understood, however, as holding that the amendment was necessary in order to permit plaintiff to introduce testimony tending to prove her damages on the subjects mentioned in the amendment to her complaint; but assuming that it was, it does not appear from the record that defendant made any request for a continuance of the cause, or for time within which to prepare to meet the new issues thus presented.

When leave was granted to file the amendment counsel for defendant stated:  "We are not prepared to meet these issues."  To this the court replied in effect that reasonable time would be given in which to prepare for that purpose; but the case would not be continued, but would be tried before the jury then empaneled.  It does not appear that defendant requested any time to make additional preparations for the trial of the case.  If such an application had been made and refused, or if it was claimed that the time granted was too short, the question of whether or not

error had been committed in not giving the defendant additional time would be presented. As it is, it is not.—*Manners v. Frazer,* 6 Col. App. 21. Error cannot be predicated upon a failure to grant that which was not requested.

In support of the error assigned to the instruction it is urged that it is objectionable (1) because it directs the jury to consider, in determining the amount of plaintiff's recovery, the fact that she permitted the defendant to have intercourse with her on account of the promise of marriage; and (2) to consider for the same purpose the result upon her health.

The second ground urged against the instruction is without merit, because it is apparent therefrom the jury were directed that in estimating her damages they should consider the effect upon her health, of the refusal and failure of the defendant to marry her. This did not direct them in any way to consider the effect of the improper relations of the parties upon her health.

There is a conflict of authority on the subject of whether or not, in an action for breach of promise, in the absence of an allegation of seduction, evidence to establish that fact is admissible; but where it is alleged it may be proved as an element of damage. This is allowed upon the ground that compensation for the injury which the plaintiff has sustained by breach of the contract cannot be justly estimated, without taking into consideration the increased humiliation and distress to which she has been exposed by the defendant's conduct. Or, as stated in substance by many authorities, that when seduction has been accomplished under a promise to marry, the plaintiff, in a suit for the breach of such promise, may aver and prove the seduction in aggravation of the damages resulting from the breach.—*Osmun v. Winters,* 25 Ore. 260; *Fidler v. McKinley,* 21 Ill. 308;

*Kelley v. Riley,* 106 Mass. 339; *Haymond v. Saucer,* 84 Ind. 3; *Bennett v. Beam,* 4 N. W. (Mich.) 8; *Sherman v. Rawson,* 102 Mass. 395; *Musselman v. Barker,* 26 Neb. 737; *Coil v. Wallace,* 24 N. J. Law 291; *Conn v. Wilson,* 5 Am. Dec. 663, 2 Overton 233; *Daggett v. Wallace,* 75 Tex. 352; *McKinsey v. Squires,* 32 W. Va. 41; *Giese v. Schultz,* 69 Wis. 521.

It is not the mere fact that a plaintiff claiming to have been seduced under promise of marriage permits the defendant to have intercourse with her which entitles her to damages, but the shame, mortification, humiliation, subsequent status among her friends, and in society, the effect upon her future, and a variety of other circumstances naturally resulting from her seduction, which are to be considered in determining to what extent the damages arising from the refusal of the defendant to fulfill his promise of marriage, have been aggravated and increased by his conduct in seducing her under promise of marriage. These are matters which must vary with the circumstances of each case. In some cases the results following seduction under promise of marriage should be visited with heavy damages; in others they might be comparatively light; in some, possibly, none. In each case the damages to be awarded on this account would depend upon the extent the plaintiff had been made to suffer with respect to those matters proper to consider in estimating them. These are questions for the jury. While, therefore, seduction under promise of marriage may be alleged and proved, it is for the jury alone, as a general rule, to determine what effect seduction, accomplished under promise of marriage, has had upon the plaintiff by causing results which would entitle her to damages on that account.—*Osmun v. Winters, supra.* This rule applies to the case at bar, and was violated by the instruction given. The jury were advised, in

effect, that if they found the defendant had promised to marry the plaintiff, then, in estimating her damages, they must take into account the fact, if established, that he had induced her to enter into improper relations with him on account of his promise. True, the word "must" is not used, but the jury, from the language employed, must necessarily have understood that in estimating her damages, if they found that defendant promised to marry her, they must consider the fact of seduction. This deprived them of the discretion which it was their function to exercise in determining whether or not the alleged seduction of plaintiff was an element to consider in estimating her damages. In other words, by directing them to the effect that in estimating her damages they "will" take into consideration the effect upon her health, her mind, affections and pride, the defendant's refusal to marry her, the use of the word "will," in connection with these items, when we consider what followed on the subject of seduction, directed them to consider that fact, if established, in estimating her award. This deprived them of the liberty to eliminate the alleged seduction if, in their judgment, it should not have been considered in estimating damages. In the circumstances of this case this was clearly error.

Plaintiff was a mature woman; she had sustained improper relations with the defendant for five years or more prior to the promise of defendant and her seduction by him which she counts upon in her complaint. A settlement between the parties for damages growing out of a similar promise and conduct on the part of the defendant was effected on the very day when the promise upon which she relies for recovery in this action was made. On that day their old relations were resumed and maintained. She had published to the world her former relations with

the defendant; so that whether or not her alleged seduction which she says was accomplished because of the promise of the defendant to marry her was an element to consider in fixing her damages, if the promise was established, was a question peculiarly within the province of the jury to determine. We do not say they could not award her damages on this account, but it should have been left to their discretion to determine under the circumstances of this case whether or not her alleged seduction should be considered in estimating her damages.

Mr. Justice Campbell and Mr. Justice Maxwell concur with the views of the writer, that the instruction was erroneous for the reasons given.

Mr. Justice Goddard, Mr. Justice Bailey and Mr. Justice Helm, and also Mr. Justice Campbell, concur in the reversal upon the ground that there were no facts justifying the submission to the jury of the question of damages for the alleged seduction.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE dissents.

Rehearing denied.