[No. 6293.]

## COUNTY OF GUNNISON v. HIDER.

1. **Pleadings—Amendments**—The trial court may, in its discretion, allow an amendment of the complaint upon the trial, without showing of cause prescribed by sec. 75 of the Code.—(444)

2. **Appeals—Harmless Error**—The action of the trial court in allowing an amendment of the complaint will not be reviewed where no prejudice to the defendant appears.—(444)

3. **Water Commissioner—Duties—Compensation** — It is the duty of the water commissioner to distribute the waters of his district, including those decreed to the reservoirs therein, and he is entitled to compensation for this service.—(445)

4. **——Certifying the Account of a Deputy**—The initials "O. K." upon the account of the water commissioner's deputy, followed by his signature and official title, is a sufficient certification, within the requirements of sec. 3437, Rev. Stats.—(445)

5. **Abbreviations**—The courts will interpret, without proof, abbreviations in common use and having a well-defined and generally understood meaning.—(446)

The abbreviation "O. K." imports that the bill upon which it is indorsed is correct.—(446)

*Appeal from Gunnison District Court* — Hon. SPRIGG SHACKELFORD, Judge.

Mr. DEXTER T. SAPP, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Action by appellee, as plaintiff, against appellant as defendant, to recover from the latter one-third of the amount of his compensation, earned as water commissioner in water district No. 40, and also one-third of the amount claimed to be due his deputies in such district, for the year 1906, the latter claims having been assigned to him. Judgment for plaintiff. The defendant appeals.

During the progress of the trial, plaintiff, over the objection of defendant, was permitted to amend

his complaint by allegations to the effect that before he entered upon the discharge of his duties as water commissioner, he was requested in writing by two of the water consumers in his district to distribute the water therein; and that he kept the items of his deputies' accounts, sued upon.

It rests largely in the discretion of the trial court to allow or refuse amendments to pleadings, and unless it is apparent that this discretion has been abused to the prejudice of the party complaining, its exercise will not be interfered with on review.—*Cascade Ice Co. v. Water Co.*, 23 Colo. 292; *Harrison v. Carlson*, 45 Colo. 55; *Davis v. Johnson*, 4 Col. App. 545; *Dyer v. McPhee*, 6 Colo. 174; *Buddee v. Spangler*, 12 Colo. 216.

It does not appear that defendant was prejudiced by the amendments. No claim was made that the board was not prepared to proceed with the trial, nor was time requested to meet the new issues tendered.

It is urged the court erred in allowing the amendments without showing by affidavit, in accordance with § 75, Civil Code. In *Cascade Ice Co. v. Water Co., Davis v. Johnson,* and *Buddee v. Spangler, supra,* it was held not error to allow a pleading to be amended during the progress of the trial, without an affidavit showing cause therefor.

It is next urged that the court erred in permitting the plaintiff to testify as to the time of himself and deputies in connection with reservoirs in the water district, for the reason that the statutes only provide for services of a water commissioner and his deputies upon ditches, canals and headgates. The statutes relating to the duties of a water commissioner and his assistants are not susceptible of so narrow a construction. The procedure prescribed for the adjudication of water rights for the purpose

of irrigation, contemplates that rights to water for reservoirs may be adjudicated.—§§ 3277, 3284 and 3290, Rev. Stats. It is made the duty of the water commissioner to cause the water in his district to be distributed in accordance with the decree in such proceedings.—§ 3285, *ibid.* He is required to draw off the excess water from reservoirs.—§ 3208, *ibid.* In short, the duty of the water commissioner and his deputies is to distribute the waters in his district in accordance with decreed priorities, which embraces priorities decreed to reservoirs, and they are entitled to the compensation prescribed by statute for discharging this duty.

It is finally urged that no proper bill was ever rendered or presented to the board of county commissioners for the services of the deputies, and for this reason it is contended the action for the accounts of such deputies could not be maintained. Sec. 3437, Rev. Stats., requires each water commissioner to keep an itemized account of the time of each assistant employed by him, and it is made his duty to certify such account to the board of county commissioners. Upon each of the deputies' accounts sued upon appears the following: "O. K., George Hider, Water Commissioner Dist. No. 40." Courts will determine the meaning of customary abbreviations which have a well-defined and generally well-understood meaning without proof.—1 Ency. 98. The abbreviation "O. K." has a well-defined meaning, and signifies "all right," "correct;" 21 Ency. 915; Webster's Imperial Dictionary; Century Dictionary; and is now commonly used as a brief but expressive certificate of the correctness of the bill upon which it is indorsed. —29 Cyc. 1474. The statute does not prescribe any special form of certificate for the water commissioner to append to the account of a deputy water commissioner. Any form of statement which intelligently

conveys to the board of county commissioners the required information, namely, that it is correct, is sufficient. ''O. K.'' may have no title to be classed as elegant English, but, in the business life of this country it has, for many years, been in common use, and has acquired the meaning given by the authorities cited, which is not at all obscure or uncertain. By the indorsement of the plaintiff on the accounts of his deputies, it was clearly intended to certify to the defendant that they had earned and were entitled to receive the respective amounts of their claims. There can be no question but what, in view of the general understanding of ''O. K.'' it was so understood by the defendant board, and they cannot complain because the same information was not conveyed in a more classic or formal phrase.—*Getchell & Martin Lumber Co. v. Peterson,* 124 Iowa 599.

The judgment of the district court is affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice White concur.