## H. T. JENN v. JOEL SPENCER.

1—A plea of the statute of limitations appears in the record, but nothing whatever to show that in any manner or at any stage of the trial below was the attention of the court called to it; and it is further apparent that a set-off pleaded by the defendant was also subject to the bar of the statute. The case was, to all appearance, submitted to and tried by the jury on the proofs respecting the mutual accounts between the parties, regardless of limitation. *Held*, that in this court it is to be presumed that the plea of limitations was abandoned.

2—Article 54, Paschal's Digest, vests in the court below a discretion in the allowance of amendments to pleadings; and where the record shows that such discretion had been judiciously exercised, this court will not reverse because further leave to amend was not granted when the case was called, for trial, to a party who had already been allowed to amend two or three times.

3—It appearing that a witness was called three times to the stand by the plaintiff, and was not only cross-examined by the defendant, but was examined by him on new matter and as his witness, it was within the discretion of the court below to refuse to allow the defendant to put the witness on the stand again, when the defendant's turn to offer evidence had come.

APPEAL from Brazoria. Tried below before the Hon. George W. Smith.

In view of the rulings of this court, it is not deemed necessary to give a more particular statement of the facts than is contained in the opinion.

*J. W. Harris*, for the appellant.

*Munson & Garnett*, for the appellee.

MORRILL, C. J.—The basis of cause of action of each party in the case is a running account against the opposite party. The defendant pleaded the statute of limitations to the account of plaintiff, and also in set-off an account, the commencement of which was of a date anterior to that of plaintiff. Both ac-

XXXII—41.

counts were submitted to the jury, who, we presume, admitted and allowed to each party what was justly proved to be due, regardless of time.

The defendant assigns as error that the court disregarded his plea of limitations; that the plea was legally pleaded, and that, if allowed, it would in some measure have caused a different verdict, must be regarded as established.

We may be supposed to know, judicially, that the judge knows nothing of the pleadings of a cause, except as they are read by the respective parties in court. There is nothing in the record showing that the attention of the judge was called to this defense, either in the charge requested, bill of exceptions, or motion for a new trial; and, indeed, it is not assigned as error, except in the general assignment; "the court erred in his charge to the jury." And when we take into consideration that the defendant's set-off would be liable to the same objections that are set up by him to the plaintiff's claim, if the statute of limitations had not been waived; and further, that if not waived but refused by the court, that this refusal would be known to be a good cause of reversal in this court, we can come to no other conclusion than that it was abandoned by the party defendant.

There are other assignments of error, but they all, with one exception, have reference to the discretionary powers of the judge in the management of the case.

And first, as to the error in refusing the defendant leave to amend his pleadings. The statute, Art. 1441, authorizes the defendant in his answer "to plead as many several matters, whether of fact or law, as he shall think necessary for his defense; provided, that he shall file them all at the same time, and in due order of pleading." Here are the statutory rights of a defendant, and the proviso particularly points out his duties. What the plea was, and whether it would have been received after the pleas on file even, if not on call of the case for trial, does not appear. The record shows that the case had been pending in court from July 6th, 1857, to April

8th, 1859, and that the defendant had pleaded three several times, the last being only two days before the trial, each plea covering about four pages.

But what makes the matter still more decisive, is that the statute, Art. 54, expressly declares that " the pleadings may be amended under the *direction* of the court, and upon such terms as it may prescribe."

Another " error of discretion " in the district judge was the refusal to allow the defendant to introduce Wm. McMaster as a witness.

The statement of facts discloses that this witness had been examined and cross-examined, and in the cross-examination the party defendant used the witness not only for his testimony elicited by plaintiff, but made him his witness upon other points. The bill of exceptions states that " the court refused to allow him to testify because he had been called to the stand by plaintiff three times." If the distinguished judge who presided in this case was as discreet in all his rulings in other cases as in this, his reputation for legal discretion would be without reproach and above suspicion.

The last assigned error, that the verdict is contrary to evidence, it seems is confessed in part by the defendant in error, who rectifies it by entering a *remititur damnum* of one hundred and nine dollars and five cents.

The judgment will be reformed agreeably to the remititur.

Reformed.