J. HERMAN BUSCH, PLAINTIFF IN ERROR, V. GEORGE A. HAGENRICK, DEFENDANT IN ERROR.

**Error:** PLEADING: WAIVER. When the plaintiff, under leave to file an amended petition, filed one in which there was a complete abandonment of his original cause of action, and the subtitution of a new and entirely distinct one, to which the defendant made no objection until after judgment against him by proceedings in error, *Held*, That the objection came too late, and was waived by the failure to make it in the trial court.

ERROR to the district court for Lancaster county, to which the cause was brought on error from the county court.

*Burr & Kelly*, for plaintiff in error.

*L. C. Burr*, for defendant in error.

LAKE, J.

Of the several questions discussed by counsel, one only is properly raised by the record, viz.: Does the

petition state a cause of action authorizing the judgment rendered by the county court?

The action was brought on a promissory note. The petition in question was filed under leave given to file an amended petition. It is now contended on behalf of the plaintiff in error that this petition is not amendatory of the original pleading, but is a complete departure, setting forth an entirely distinct cause of action. And this claim is doubtless true. What purports to be an amended petition makes no reference whatever to the note set out in the first petition, but alleges an accounting between the plaintiff and defendant on the 15th day of August, 1876, by which it was agreed between them that there was due from the latter to the former the sum of $168.22. But while there can be no doubt, as claimed by counsel, that there was an abandonment of the original cause of action, and the substitution of a new and entirely distinct one in this petition, still we think it states a cause of action authorizing the judgment rendered thereon. If this change were deemed prejudicial, the place to have first made it known was in the county court. But no objection having been made there, it was too late afterwards to complain. The transcript shows that after the filing of this petition, the verifying of which was duly waived by the defendant's attorney, no further resistance to a recovery by the plaintiff was made. Not having asked that court to protect him against such irregular practice, he is estopped from complaining elsewhere.

JUDGMENT AFFIRMED.