Hon. TIMOTHY P. REDFIELD, )
Hon. JONATHAN ROSS, } Assistant Judges.
Hon. WHEELOCK G. VEAZEY, )

---

### CALVIN P. HILL AND OTHERS v. H. C. HILL.

### [ In Chancery. ]

*Amendment of Bill in Chancery. Answer. Replication.*
*Estoppel.*

1. An amendment to a bill in chancery is not *allowable* which is *repugnant to*, or *inconsistent with*, the original bill, nor one substantially making a *new bill*.
2. Much *greater strictness* prevails in allowing amendments to injunction bills, and where the amendments must be sworn to.
3. If the evidence had clearly proved that the orator was entitled to a homestead in the mortgaged premises, the court could render him no aid *because his bill does not allege* that the premises, at the time the mortgages were given, *were used and kept for a homestead by the orator and his family*.

4. Strictly no evidence is admissible on the part of the orator *without replication to the answer.*

5. The orator procured the signature of his wife to a mortgage without any agency of the defendant, and without his knowledge of her mental incapacity. Under such circumstances, the court say, that there is great propriety in holding that he is *equitably estopped from claiming such incapacity to invalidate the deed.*

CAUSE heard on bill, amendments thereto, answers and proofs, at the August Term, 1880. ROYCE, Chancellor, made a *pro forma* decree in favor of the orators.

The case is stated in the opinion of the court.

*H. S. Royce,* for the orators.

The deed of a person whose mind is so impaired, whether by age, sickness, or accident, that he is incapable of transacting his business or managing his property, is void. Such a person is *non compos mentis.* Story on Con. 37 ; *Dennett* v. *Dennett,* 44 N. H. 537–8 ; *Concord* v. *Rumney,* 45 N. H. 423, 428 ; *Hale and Wife* v. *Hills,* 8 Conn. 37–43 ; 1 Story's Eq. 230 ; *Jackson* v. *King,* 4 Cow. 216.

The party relying upon a deed upon the ground that it was executed during a lucid interval, must clearly show that this was the case. 1 Chit. on Con. 191, note *x ; Hall* v. *Warren,* 9 Ves. Jun. 605, 610 ; *Whitemarck* v. *Strikee,* 1 Greenl. Ch. 8 ; *Gabel* v. *Grant,* 2 Greenl. Ch. 629 ; *Stevens* v. *Vanclere,* 4 Washb. C. C. R. 262 ; *Jackson* v. *Vandusen,* 5 Johns. 144 ; 1 Jarman on Wills, 2d Am. ed. 65 ; *Jackson* v. *King,* 4 Cow. 216.

*Edson, Cross & Start,* for the defendant.

The amendment was inconsistent with the bill, and, therefore, should not have been allowed. 2 Paige, 66 ; *Verplank* v. *Ins. Co.,* 1 Edws. Chy. 45, 52 ; 1 Daniell's Pl. & Pr., 469, n. 2. The answers are responsive ; but if not, no replications having been filed, they are evidence. 14 Vt. 208 ; 40 Vt. 126 ; *Austin* v. *Austin,* 40 Vt. 416. The deed of an insane person is not void, but voidable. 3 Washb. on Real Prop. 225 ; *Wait* v. *Maxwell,* 5 Pick. 217 ; *Allis* v. *Billings,* 6 Met. 415 ; *Ingraham* v. *Baldwin,* 5 Seld. 45. It is not sufficient to show insanity or incompetency, but the orator must prove that the defendant knew it and

took an unfair advantage of the party. *Brown* v. *Todrell*, 5 C. & P. 30 ; *Day* v. *Seeley et al.*, 17 Vt. 542 ; *Mann* v. *Betterly*, 21 Vt. 326 ; *Marmon* v. *Marmon and Wife*, 47 Iowa, 121 ; Kerr on Fraud and Mistake, 144, 145 ; 2 Jones on Mort. s. 1510 ; *Moulton and Wife* v. *Camroux*, 4 W. H. & G., Exr., 17 ; *Dane* v. *Kirkwell*, 8 C. & P., 679.

The opinion of the court was delivered by

Ross, J. The first question raised by the defendant is in regard to the correctness of the orders of the Court of Chancery allowing the amendments to the original bill. The original bill prays for an injunction, and that the orator may be allowed to redeem. It sets up the giving of two mortgages by the orator and his wife to the defendant ; the foreclosure of the same by the defendant under an alleged agreement that orator might redeem by paying the amount of the decree after the time fixed by the Court of Chancery for the redemption of the premises had expired ; the payment of two quite large sums after that time towards the redemption of the premises ; that the defendant was about to take out a writ of possession on the decree of foreclosure and eject the orator and his family from the premises ; and that he was ready and had offered to pay the defendant the sum remaining due on the decree. The bill was sworn to by the orator's solicitor, and the temporary injunction prayed for against taking out and serving a writ of possession was granted. The defendant answered and admitted the taking and foreclosure of the mortgages ; but denied very explicitly the alleged agreement or any payments by the orator at all on the mortgage debts either before or subsequently to the decree of foreclosure, and insisted upon his right to take out under said decree and have served a writ of possession. The answer thus denied every scintilla of the equity of the original bill, and the defendant thereupon was legally entitled to have had the injunction dissolved. The orator was then allowed to amend the bill by setting forth that his wife at the time she excuted the mortgages was so incapacitated mentally that she did not " know or comprehend that she was executing a deed or what the business was she was transacting." He prays for relief as he

had by the bill, " and also that the said mortgages be decreed to be void as to the said Laura Ann Hill." It is nowhere alleged that the wife, Laura Ann, is made, or becomes, co-oratrix. The amendment is signed " By H. S. Royce, solicitor for said Calvin P. Hill, and solicitor and next friend of said Laura Ann Hill." This is all there is intimating even that she was in any way connected with, or interested in said suit. The amendment is not sworn to. The defendant answered the amendment; and denied the allegation of the incompetency of the wife, and insisted that, the mortgages having been legally foreclosed, with legal notice to both the orator and his wife, they were legally and equitably estopped from setting up the facts stated in the amended bill. Without replication testimony was taken and filed on the amendment, the grounds of relief set up in the original bill having been abandoned by the orator. Before coming to a hearing the wife died, and her death was suggested on the record. Thereupon by a second amendment to the bill Herbert Hill, a minor son of the orator and Laura Ann Hill, became a party orator to the suit, and claimed a homestead in said premises. This amendment is not sworn to. Although a minor he appears only by solicitor, and not by next friend. The defendant then filed an amended answer to the bill and amendments, in which he alleges that he had no agency in procuring the signature and acknowledgment of the wife to the first mortgage, and was not present when she executed the same; that the same was wholly procured by the orator, C. P. Hill, who delivered to the defendant the deed; and that the defendant received the same fully believing—and having no knowledge or information to the contrary—that the wife was fully competent to execute the same; and insisting, if it was true she was incompetent to execute it, the orator C. P. Hill ought to be estopped from setting up the same, as it would operate as a fraud upon him. The orator, or orators now claim relief solely on the ground of the mental incompetency of the wife to execute the mortgages, and for that reason they were and are void as to her, and did so not convey the homestead interest in the premises; and claims that if the original orator is estopped to allege that fact, the minor

son is not, and has a right to assert a homestead interest therein. Thus in the original bill the orator sets up the mortgages as valid, and their foreclosure, and asks to be allowed to redeem the premises, and in the amendments he claims the mortgages are void in whole or in part, and for that reason he is not obliged to redeem the whole premises, and virtually abandons his claimed right to redeem. He thereby not only makes a new bill in substance, and bases his right of relief on a new ground, but on a ground repugnant to, and inconsistent with, the ground for relief claimed in the original bill. Such an amendment is never allowable. While amendments to a bill in chancery are liberally allowed, as to parties, prayer for relief and as to substance, germane to, and in enlargement or explanatory of the substantial parts of the bill, on which the relief prayed for is predicated, the orator is never allowed by amendment to bring upon the record new matter repugnant to, or inconsistent with, that set forth in the bill, nor substantially to make a new bill. *Barnes* v. *Grunzeback,* 1 Edwards Ch. 46 ; 1 Daniell's Ch. P. & P. 469 and notes. Especially is this true of injunction bills, where much greater strictness prevails in regard to amendments, and where the amendments must be sworn to, if they would furnish any aid in upholding the injunction. In this case there was no authority for keeping the injunction on foot, after the defendant had by his sworn answer denied all the equity of the original bill. The amendments were not only not sworn to, but exceedingly loose, both as to the parties intended to be added, their object and purpose. It might be guessed that the pleader intended to raise the question of a homestead right in the premises existing in favor of the wife, but he has not alleged anywhere that at the time she executed the mortgages the orator and his family were using and keeping the premises for a homestead—the conditions on which the statute makes the existence of the right to depend ;—nor if found to exist, has he asked to have the homestead set out by metes and bounds. From anything alleged, the wife's signature to the deeds was wholly immaterial to the conveyance of the premises. Such looseness and emptiness in statement, as well as

inconsistency and repugnancy of matter, is unheard of, without precedent or authority, and can receive no countenance. For this cause alone the bill should have been dismissed with costs.

In his evidence, the orator has assumed that he and his wife and family had a homestead interest in the premises, rather than produced any direct proof to sustain and establish the assumption. But however strong his evidence might be to establish such right, it would avail nothing, without proper allegations in the bill. The foundation for a decree must be laid by introducing proper allegations into the bill. The evidence comes in by way of support of such allegations, and does not of itself furnish a right of recovery. Hence, if the evidence most clearly established a homestead right of the orator and his wife and family in the premises at the time the mortgages were executed, and that the signature of the wife thereto was void from incompetency, the Court of Chancery could lawfully have rendered him no aid. The answers not having been replied to by the orator, are evidence of the facts therein sworn to, and not controverted by the other evidence, which has been allowed - to come into the case rather by favor than by right. Strictly no evidence was admissible without replication to the answers. From the answers, thus considered, it is established that the defendant had no agency in procuring the wife's signature to the mortgages, nor any knowledge of her incompetency lawfully to execute them, and that the orator procured her signature thereto and delivered the mortgages to the defendant as legally and validly executed by his wife. There is great propriety in holding that under such circumstances, he is equitably estopped from alleging and proving her incompetency to execute the mortgages if she was in fact incompetent. If the orator be thus estopped, it is difficult to conjecture how any one can lawfully claim a homestead right in the premises. But, without discussing or deciding whether, if the orator was using and keeping the premises as a homestead at the time the mortgages were executed, the orator or his minor son, the wife having deceased, had or could assert any interest therein, an examination of the testimony satisfies us, that the wife, when she executed the first mortgage, was of sufficient capacity to bind

herself by the deed. The testimony shows that her mind had become somewhat impaired. When in a fit, and doubtless for some time thereafter, she was unable to comprehend or transact business understandingly. At intervals between, she could comprehend, and did understand the nature and binding force of her acts. Judge HALL, who took the acknowledgment of the first mortgage deed, testifies that she then comprehended and understood the act she was performing. The silence of the orator and of the son who witnessed her signature to the deed, is significant of her condition on that occasion, and strongly corroborates the testimony of Judge HALL. Other circumstances tend strongly in the same direction. This mortgage having been legally foreclosed by the defendant, and the time fixed by the decree for the redemption of the premises having expired, the orators' rights in the premises ceased, whatever might have been the mental condition of the wife when the second mortgage was executed. Hence, on the merits, also, the *pro forma* decree of the Court of Chancery for the orator, must be reversed, and the cause remanded, with a mandate to enter a decree dismissing the bill with costs.