Thomson, J.,
delivered the opinion of the court.
Action on a promissory note. Judgment for plaintiff, from which the defendants appeal.
The judgment was rendered upon the pleadings. The following are the complaint and amended answer in full:
COMPLAINT.
“ The plaintiff complains of the'defendants and alleges that on June 9th, A. D. 1888, the defendants for a valuable consideration executed and delivered to this plaintiff an instrument in writing for the payment of the sum of seven hundred dollars ($700) whereby for value received they promised to pay to the plaintiff the sum of seven hundred dollars ($700), with interest thereon from December 1st, A. D. 1888, in words and figures asfollows, to wit:
“‘700. Rockford, Colorado, June 9th, 1888.
“ ‘ Due and payable to W. R. Hunter for “ claim on the public lands,” this day quit-claimed by said Hunter to me the sum of seven hundred dollars. It is expressly understood that this note is not assignable — that it shall not bear interest until 1st Dec. next, and that its collection shall not be enforced by suit before said 1st Dec. next. Value received.
“‘Sarah F. Cooper.
“‘F. C. Childs.’
“ That no part of said sum has been paid, and that; the same is now due with interest thereon from December 1st, A. D. 1888.
“ Wherefore plaintiff prays judgment against defendants for the said sum of seven hundred dollars ($700) with legal interest thereon from said December 1st, 1888, to date of judgment and for costs of suit.”
AMENDED ANSWER.
“Come now the defendants herein and by leave of court first had and obtained, filed this their amended answer in lieu *103 of the answer heretofore filed, and deny each and every allegation in the complaint herein save and except the allegations hereinafter expressly admitted.
“ Admit the execution and delivery of the instrument sued upon herein, a copy of which is contained in said complaint; but allege that defendant, Sarah F. Cooper, was the maker thereof and that defendant Childs merely signed the same as surety; that prior to the date of said instrument plaintiff Hunter represented to defendant Cooper that he was in lawful and peaceable possession of a certain tract of land containing 120 acres, more or less, situated in Garfield county, state of Colorado, and a short distance south of the town of Satank in said county, and that said plaintiff was using and cultivating the same in good faith for an agricultural preemption claim; that he had a lawful right to sell and dispose of the same, and that he could and would' give to defendant Cooper possession of the same in consideration of her payment to him of the sum of $700; whereas, defendants are informed and believe, and so charge the fact to be, that plaintiff theretofore had been placed 'in possession of said land by Isaac Cooper, since deceased, with the understanding and agreement that said plaintiff should proceed to preempt said land and convey to said Isaac Cooper an undivided interest therein, said Cooper having paid for all the improvements thereon as well as having furnished plaintiff with a team of horses and wagon, all for the purpose of carrying out said agreement hereinbefore mentioned.
“That plaintiff had prior to the execution and delivery of said instrument sued on, for the consideration of $600 cash to him in hand paid by defendant Cooper, sold and transferred to defendant Cooper all and singular the said personal propert3r and improvements on said claim, and placed her in possession thereof.
“ That the only consideration for said instrument of writing set forth in said complaint was the pretended conve\Tance to defendant Cooper of said pretended claim on the public lands ; and that plaintiff did not, in fact, have or turn *104 over possession nor convey to defendant Cooper any property or interest or title whatever to said pretended claim as a consideration for said instrument or obligation set forth in said complaint.”
Upon these pleadings the plaintiff’s motion for judgment was interposed. While the motion was pending and undetermined, the defendants asked and were refused leave to file a second amended answer. The pleading tendered is as follows:
“ Come now the defendants, and by leave of court first had and obtained thereto, file this their second amended answer herein :
“Deny each and every allegation in the complaint, save and except those expressly in this amended answer admitted.
“ Admit the execution and delivery of the instrument sued on in this action ; but allege, that defendant Childs signed said note or instrument merely as surety or accommodation maker and received no benefit whatever therefrom.
“ Allege, that said note or instrument was given by defendant Cooper for a pretended claim on the public lands of the United States, which plaintiff at the time of the execution of said note pretended to own and then and there pretended to have the right to sell and convej' to defendant Cooper. That plaintiff, at and before the execution of said note represented to defendant that he had a valid claim on the public lands, and could and would sell and convey to defendant Cooper the same for the consideration expressed in said note or instrument. That, relying upon said representations, defendant Cooper, together with defendant Childs as accommodation maker or surety, made and delivered said note to plaintiff; and plaintiff then and there pretended to eonvejr by quitclaim deed said pretended claim to defendant Cooper as consideration for said note.
“ That said representations were known to plaintiff to be wholly false and fraudulent, and plaintiff did not have a valid, or any, claim at all to any public lands, and said conveyance was only a pretense and no consideration whatever for said *105 note or instrument. That no other consideration whatever passed between the parties, for the execution and delivery of said note or instrument, and defendants allege therefore that there was no consideration at all.
“ Wherefore, defendants pray that they may go hence without day; and for costs.”
The points made for a reversal are, first, that the complaint does not state facts sufficient to constitute a cause of action; second, that the amended answer states a complete defense; and, third, that the court erred in refusing leave to file a second amended answer. The objection made to the complaiut is that it appears upon the face of the note, which is set forth in full, that its only consideration was a claim on the public lands. The amended answer also states that such was the consideration of the note, so that the same question is presented by the two pleadings. The contention is that by the terms of section 2263, of the Revised Statutes of the United States, no transfer of the plaintiff’s right in the land could be made; and hence there was no consideration for the note. That section is part of the act of congress concerning preemptions, and contains the following provision: “ All assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void.” The right secured by the act is the right, upon compliance with its requirements, to enter with the register of the land office, for the proper district, one hundred and sixty acres of land upon paying to the United States the minimum price of the land ; and it is the assignment of this right that is prohibited. The disability exteuds no farther. Myers v. Croft, 13 Wall. 291. To bring this transaction, therefore, within the federal statute, it must appear that the plaintiff was a preemptor on the public land, and that it was his right of entry which he undertook to transfer to the defendant Cooper.
There is, however, another species of claim upon the public lands which is the subject of sale and transfer, a conveyance of which is a sufficient consideration for a promise, and to the nature of which it will be well to give a little atten *106 tion before proceeding to an examination of the pleadings to see what can be found in them. Chapter 90 of the General Statutes makes provision for the acquisition of a right upon the public domain, which, except as against the United States, and those holding under the United States, possesses many of the characteristics of title to real estate. The right is acquired by making, acknowledging and causing to be re corded, in the office of the recorder of the proper county, a declaration in the form prescribed by the chapter; it is transferred by deed duly acknowledged and recorded; it may be mortgaged in the same manner, and with the same effect, as against the mortgagor, as if he were the owner of the fee; and so long as the claimant and his assigns comply with the provisions of the statute, their right to possess and enjoy the land appropriated is as unassailable, except by the general government, or persons connecting themselves with the title of general government, as if they held it by patent of the United States. The purpose of the legislature in enacting the law was, as expressed by Judge Elbert, in Gillett v. Gaffney, 3 Colo. 351, “to raise title by occupancy to the dignity of real estate and to surround its tenure with all the safeguards, its transfer with, all the formalities, and its enjoyment with all the securities of a fee simple title.”
With these observations concerning claims upon the public domain, authorized by the statute of the state, we shall proceed to an examination of the complaint and amended answer. The note, which is made a part of the complaint, states its consideration to be “ claim on the public lands this dajr quit-claimed by said Hunter to me,” and the theory of defendants, as nearly as we are able to reach an understanding of it, is either that all transfers of rights upon the public domain are within the prohibition of the federal statute and therefore void, or that the words “ claim upon the public lands,” as used in the note, presumptively mean the particular right the assignment of which is forbidden.
The transfer which the statute makes void is the transfer of the privilege of purchasing the land from the United *107 States. The grantee of the right would take nothing by the assignment; he would be unable to procure the government title to the land, and a promise based upon the assignment would therefore be without consideration and non enforceable. But there is ho prohibition of the sale or transfer of a possession upon public lands. So long as the purpose of the assignment is not to enable the grantee to obtain title without compliance on his own part with the statutory requirements, or to appropriate to himself a benefit which was designed only for actual and bona fide settlers, there is nothing in the act of congress which invalidates the transfer; and the state statute regulating occupancy of public land, and, in matters of sale, conveyance, incumbrance and inheritance, investing it with the characteristics of real estate, is not inconsistent with the "federal law. We must presume that the claim upon the public lands mentioned in the note as its consideration was a claim asserted in pursuance of the state statute, and was therefore the subject of valid sale and conveyance. We think a cause of action is sufficiently set forth in the complaint.
The allegation in the answer that the plaintiff was placed in possession of the land by Isaac Cooper, deceased, under an agreement with the plaintiff to preempt the land, and convey an interest to Cooper, is ineffective as a defense. Such an agreement is in violation of law. Before land can be entered under the preemption law the claimant must make oath that he has not, directly or indirectly, made any agreement or contract, in any way or manner, with any person, whereby the title to be acquired would enure, in whole or in part, to the benefit of any person .except himself; and if he swears falsely, he forfeits the money paid, as well as all right and title to the land ; and any convej'ance he may have made, except to bona ficle purchasers for value, is null and void. Seo. 2262, U. S. Revised Statutes. But the answer does not inform us whether the agreement which it mentions was ever carried out, or what was ever done under it. There is nothing stated connecting it in any manner with the transac *108 tion to which the note refers, and the allegation, standing alone, is meaningless. It is not alleged that the consideration of the note was the assignment of the plaintiff’s right of preemption, or any right Held by him under the act of congress concerning preemptions, and the presumption that the subject of the sale to the defendant Cooper was a possessory title, acquired in pursuance of the state law, is in no way negatived.
How the sale and delivery orf possession to the defendant Cooper of the personal property and improvements on the claim affected the plaintiff’s possession, or right of possession, of the land, we are unable to discover from any allegation of the answer. Because he sold the improvements, it does not necessarily follow that he relinquished his claim upon the land. The statement is too indefinite, and its meaning too problematic, to be regarded in the light of a defense; arid the same observation applies to the succeeding statement that “ plaintiff did not in fact have or turn over possession or convey to defendant Cooper any property, or interest, or title whatever, to said pretended claim, as a consideration for said instrument or obligation set forth in said complaint.” Whether this means that the plaintiff never had any possession of the land, or had surrendered his possession to the defendant upon sale of the improvements, or had possession at the time of this transaction, but no title, we do not know. According to this answer, he had possession at one time. If he surrendered his possession to defendant Cooper before she took her quitclaim, she knew it, and should explain why she purchased something which she knew she already had. If the infirmity was not in the plaintiff’s possession, but in his title, the facts should have been set forth. There is nothing in the amended answer which would put the plaintiff to proof of his cause of action, and it was properly disregarded.
The plaintiff’s motion for a judgment upon the pleadings was filed May 16, 1894. Four months later, on September 17,1894, the defendants moved for leave to file a second *109 amended answer. No reason was given why the application was not made earlier. There was no affidavit of cause or other showing in behalf of the motion. There is absolutely nothing in the record from which an abuse of the court’s discretion in refusing to permit the amendment might even be inferred. But if the amendment had been allowed, we think the plaintiff would have been entitled to judgment nevertheless. It sets forth a representation by the plaintiff that he had a valid claim on the public lands; it states that the defendant Cooper, relying upon the representation, took the deed, and, together with the defendant Childs, executed the note; and it avers that the representation was false and fraudulent, and known by the plaintiff to be such, because he had no valid or any claim to public lands. A claim upon public lands is a legal conclusion from facts. It is not stated that the plaintiff represented the existence of any facts, and that the defendant Cooper believed the representations, and therefrom drew the conclusion that he had a claim. Neither are any facts stated upon which the falsity of the representations might be predicated. When the plaintiff said that he had a valid claim, he stated nothing but a conclusion of his own, and in averring that he had not a valid or any claim, the defendants simply stated a conclusion of their own. Generally speaking, a misrepresentation, to afford ground for relief, must relate to facts. There is nothing set forth in this second amended answer which cannot be found equally well, if not better, stated in the first amended answer. There was no error in denying the motion to amend, and there was no error in giving the plaintiff judgment upon the pleadings.
Let the judgment be affirmed.

Affirmed.