[No. 3895.]

ANTHONY v. SLAYDEN ET AL.

1. PRACTICE—PLEADING—AMENDMENT—NOTICE.

Where defendants were in court at the time an application was made by plaintiff to file an amended complaint, and made no objection to want of notice, they cannot afterwards be heard to object that no notice of the application was given.

2. PRACTICE—PLEADING—DEMURRER—AMENDMENT.

Where a pleading is demurred to, the pleader may, before the trial of the issue of law thereon and as of course amend the pleading once by complying with the provisions of section 73 of the code in regard thereto, but, except as provided in section 73, the right to amend any pleading is discretionary with the trial court or judge thereof, and it is necessary to obtain an order of the court or judge therefor, and unless it clearly appears that such discretion has been abused, a court of review will not interfere.

3. SAME.

Where application is made to file an amended pleading, objections may be made, in advance of the filing, to the filing of the amendment, or

the court may allow it to be filed and require the opposing party to move to strike or to demur.

4. PRACTICE—PLEADING—AMENDMENT—NEW CAUSE OF ACTION—INCONSISTENT REMEDIES—ELECTION.

A plaintiff may not, over defendant's objection, set up a new cause of action by way of amendment, and where a plaintiff has elected one of two inconsistent remedies he may not be permitted, by an amendment to his complaint, to choose the other.

5. PRACTICE—PLEADING—AMENDMENT—DEMURRER.

A demurrer to an amended pleading must be determined from a consideration of that alone without reference to the former pleading which it is intended to amend, but when an amended pleading is tendered for filing or is filed, the former pleading must be examined to see if the amendment is proper.

6. PRACTICE—PLEADING—AMENDMENT—NEW CAUSE OF ACTION.

Where a plaintiff in his complaint alleges a contract and its breach and sues for damages for such breach, he cannot by amendment change his cause of action to one in equity asking that certain deeds made by him be set aside on account of fraud and the property be reconveyed to him.

7. PRACTICE—PLEADING—AMENDMENT—WAIVER.

Where a demurrer is sustained to a complaint the plaintiff by amending waives any error that may have been committed in sustaining the demurrer to the complaint, and cannot assign exceptions thereto, whether his amended complaint be filed, or whether it be tendered and its filing be refused by the court.

8. APPELLATE PRACTICE—PLEADING—AMENDMENTS.

Where a party assigns error either to a ruling refusing leave to file, or striking from the files an amended pleading, he may not also assign error to a previous ruling sustaining a demurrer to an earlier pleading which the amended one was intended to supplant.

*Appeal from the District Court of Arapahoe County.*

Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for appellant.

Mr. R. D. THOMPSON, Mr. C. J. BLAKENEY, Mr. WILLIAM R. BARBOUR, Mr. WILLIAM M. McGUIRE, Mr. JOSHUA CROZIER, Messrs. BENEDICT & PHELPS and Mr. HORACE PHELPS, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Emma C. Slayden, one of the defendants and appellees, owned certain real estate in Denver which she agreed to plat into city lots and sell to Scott J. Anthony, the appellant and plaintiff. After they were conveyed to him, discovering that the terms of the contract of sale were not kept, he brought this action. In the original complaint he specifies the particulars wherein his grantor failed to observe the contract and claims damages for its violation. He then sets forth that about three years after he received the deed from Mrs. Slayden, and while he was *non compos mentis*, she, her husband, and other persons to him unknown, by fraud and artifice, and as a result of a conspiracy, and without any consideration, procured from him a deed of conveyance to his wife of certain of the lots, and another deed therefor from his wife to Mrs. Slayden; and that thereafter Mrs. Slayden conveyed some of them to divers persons who are joined as defendants in the action. He prays for a money judgment against Mrs. Slayden for damages sustained by reason of her failure to carry out her contract of sale, and also for damages resulting from the fraud and conspiracy charged, and asks that the pretended deed from him to his wife and the various subsequent ones mentioned, in so far as they purport to convey any title from him, and in so far as the grantees thereunder rely upon any covenant of warranty contained in his deed, be set aside, and upon the reconveyance of the lots to Mrs. Slayden, that the money judgment sought to be obtained against her be decreed to be a lien upon them, and that the lien be foreclosed.

To this complaint the different defendants interposed their several demurrers, based upon numerous grounds not necessary here to mention, which were sustained, and the plaintiff took leave to plead over, and filed what is denominated in the record the first amended complaint. To conform to the court's ruling it was in some respects different from the original complaint, but the object of the plaintiff in both was the same, viz, to recover a money judgment against Mrs. Slayden, and impress the property with a lien to secure its payment.

This pleading was demurred to by the defendants upon substantially the same grounds that were interposed to the original pleading, and the demurrers were sustained, and plaintiff given time within which to elect as to whether he would stand by his amended complaint. Thereafter, though not within the time fixed, and without obtaining a specific order of the court therefor, plaintiff tendered for filing what is called the second amended complaint, to the filing of which defendants made oral objections which were afterwards reduced to writing. The court sustained certain of the objections, refused to permit the pleading to be filed, and entered a judgment dismissing the action from which plaintiff appealed.

The second amended complaint contained none of the allegations of the former pleadings relating to the so-called first cause of action for damages resulting from the breach of the contract of sale. It alleged the conspiracy and fraud in procuring from plaintiff the deed to his wife and the subsequent deeds that are set out in the so-called second cause of action, which both of the prior pleadings contained, and, because of that fraud, asked that the deeds be set aside and the plaintiff's title be restored to him.

Certain technical reasons are urged by some of the defendants in support of the ruling below on plaintiff's application to file the second amended complaint, which are, in the light of the facts, not tenable. True it is that it does not appear either that plaintiff gave to the defendants written notice of his application, or that an order of court was made giving him leave to amend. But the defendants were in court when the application to file was presented and interposed no objection of want of notice, and they cannot now be heard to say that notice was not given.

Strictly speaking, granting time to a party against whom a demurrer has been sustained to elect whether he will stand by the pleading attacked or amended, is not equivalent to an order permitting the filing of an amendment. But so far as a decision here is concerned, we may treat plaintiff's tender-

ing of the second amended complaint as an application for, and the court's ruling upon it as a denial of, leave further to amend; or regard that pleading as having been filed in pursuance of a previous order to that effect, and defendants' objection thereto as a motion to strike or a demurrer. In either case we are clear that the ruling of the court was right, and we may waive strict compliance with the code if an order for such an amendment must be based on a motion and notice to the opposite party; and if, in any respect, the trial court failed strictly to pursue the course marked out by the code, no error prejudicial to the defendants intervened.

The appellant contends that the right to amend a complaint when a demurrer to it is sustained is absolute, and the number of such amendments is limited only by the number of demurrers sustained, while the defendants maintain that after the trial of an issue of law upon a demurrer to a complaint the plaintiff may amend only by leave of court, and upon such terms as are just. Sections 73, 74 and 75 of the civil code are germane. By section 73, after a demurrer, and before the trial of the issue of law therein, the pleading demurred to may be once amended, as of course, provided the party making the amendment does certain designated things. Section 74 reads:

"When a demurrer is decided, either in term time or vacation, the court or judge shall immediately cause the decision thereof to be entered in the record, and may proceed to final judgment thereon in favor of the successful party, unless the unsuccessful party shall plead over or amend upon such terms as may be just, and the court or judge may fix the time for pleading over and filing amended pleadings; and if the same be not filed within the time so fixed, judgment by default may be entered as in other cases."

The plaintiff contends that the clause therein, "unless the unsuccessful party shall plead over or amend," is equivalent to granting to the unsuccessful party the absolute right of amending *ad libitum*, and the court, when requested, must make the necessary order, and that only the time and the

terms are discretionary with it. We think not. The main purpose of this section is to prescribe the duty of the court or judge when a demurrer is decided. The incidental reference to the contingency where the unsuccessful party pleads over does not confer upon the latter an absolute right of amendment. This right, recognized in this section, is really derived from, and governed by, section 75, which provides that the court may, in furtherance of justice and on such terms as may be proper, allow amendments, and when the entire opinion in *Travelers' Insurance Co. v. Redfield*, 6 Colo. App. 190, is considered, there is nothing inconsistent with this conclusion. But, whether it be given by section 74 or section 75, or by both, the right to amend any pleading, except in the case specified in section 73, is discretionary with the trial court, and it is necessary to obtain an order of the court or judge therefor, whether or not upon notice depending upon whether or not the motion is made during the progress of the trial of the law issue; and unless it clearly appears that such discretion is abused, a court of review will not interfere. To this effect are the decisions of this court, the court of appeals, and other tribunals under similar statutes. *Dyer et al. v. McPhee*, 6 Colo. 174, 194; *Buddee v. Spangler*, 12 Colo. 216; *Cascade Ice Co. v. Water Co.*, 23 Colo. 292; *Corson v. Neatheny*, 9 Colo. 212; *Buckley v. Howe*, 86 Cal. 596; 6 Ency. Pl. & Pr. 362, *et seq.* 463; *Nethercott v. Kelly et al.*, 5 N. Y. Supp. 259; *Jenn v. Spencer*, 32 Tex. 657; *Balch v. Smith*, 4 Wash. 497; *Travelers' Ins. Co. v. Redfield, supra;* *Boettcher v. Colo. Nat. Bank*, 15 Colo. 16, 20; *Cooper et al. v. Hunter*, 8 Colo. App. 101.

It is said, moreover, that it is contrary to good practice to permit objections to be made in advance to the filing of an amended pleading; that the court should allow it to be filed, and require the opposing party to move to strike, or to demur. Either method is proper. *King v. Rea*, 13 Colo. 69; *Busch v. Hagenrick*, 10 Neb. 415; *Wheeler v. West*, 78 Cal. 95; *Turner v. Roundtree*, 30 Ala. 706; *Wade v. Clark*, 52 Iowa, 158.

Substantial reasons other than technical rules of practice
or pleading exist for affirming this judgment. If in this
state, as seems to be the rule in some jurisdictions, the right
to amend were absolute (which we have just denied), a plain-
tiff may not, against the objection of the defendant, set up
a new cause of action by way of amendment; and in no case
that we have found, where a plaintiff has elected one of two
inconsistent remedies, has he been permitted thereafter, by
way of an amendment to his complaint or otherwise, to
choose the other. *Cole, Admr., v. Smith*, 26 Colo. 506, and
authorities cited; *Givens v. Wheeler*, 6 Colo. 149; *U. P. Ry.
Co. v. Sternberg*, 13 Colo. 141; *Ogden v. Moore*, 95 Mich.
290; *Oglesby v. Attrill*, 14 Fed. Rep. 214; *Pratt v. Bacon*,
10 Pick. 123; *Hill v. Hill*, 53 Vt. 578; *Metropolitan Nat.
Bank v. St. Louis Dispatch Co.*, 38 Fed. Rep. 57; *Marble v.
Bonhotel*, 35 Ill. 240; *Wheeler v. Dunn*, 13 Colo. 428; *Van
Winkle v. Crowell*, 146 U. S. 142.

Withholding an expression of opinion upon it, yet for the
purposes of this discussion only, we may assume that a cause,
or causes, of action against Mrs. Slayden were well pleaded
in plaintiff's first two pleadings, had she been the only de-
fendant. While a demurrer to an amended pleading must
be determined from a consideration of that alone, and not
with reference to the former pleading which it is intended to
amend and supplant, yet when an amended complaint is ten-
dered for filing, or is filed, the former pleading must be ex-
amined to see if the amendment is proper.

From an application of these principles, it follows that,
had the court allowed the second amended complaint to be
filed, it would have been reversible error. This is not a case
which calls for the application of the general rule that a party
may be awarded the kind of relief to which the facts entitle
him, even though not to the specific relief asked. In the
original, as in the first amended complaint, the plaintiff sued
for damages; and it is clear that neither pleading contained
a cause of action, unless it was one for damages, and that no
equitable remedy was invoked, and no equitable relief could

be given. With respect to the point now under consideration, it is quite immaterial whether they contained two distinct causes of action, or only one. If only one, then certainly it was based upon a breach of contract. If there were two distinct causes of action, upon two different contracts, or if one arose out of contract and the other sounded in tort, certain it is that a contract and its breach were alleged, and resulting damages claimed. In either event, whether for the breach of a contract or contracts, or for the wrong committed, or for both, the only remedy invoked, and the only ultimate relief sought, was a money compensation. It is true that one object was to set aside certain deeds of real property, not, however, that the plaintiff might be reinvested with the title, but that it might be freed from certain record incumbrances, and, as thus released, be brought under the lien of his money judgment. It is thus clear that a contract was affirmed when plaintiff sued for its breach, and if a separate recovery was also sought for the fraud in procuring the deed, plaintiff thereby condoned the wrong, and ratified the instrument when he asked for damages on account of the fraud perpetrated in obtaining it. What plaintiff, therefore, did in his first and second pleadings was to elect as his remedy an action for damages, and to that extent affirmed the contract and ratified a deed which in his last pleading he seeks to repudiate.

In the second amended complaint no mention is made of the contract of sale. The fraud of defendants in getting title out of him is alleged, and the relief asked is the setting aside of the deed apparently divesting that title, and a decree directing a reconveyance to him. It is obvious that these two remedies are repugnant and inconsistent, and if the cause of action as theretofore pleaded was only single, it was upon an entirely different contract from the one attempted to be rescinded in the last complaint, and there would be a clear departure ; and if in the former pleadings the same cause of action (viz, fraud in procuring the deed) was also well pleaded, nevertheless the remedy chosen was damages in-

stead of a rescission. The one remedy necessarily involves an affirmance, the other the disaffirmance, of an executed contract alleged to be void.

A case exactly in point in principle is that of *Marshall v. Gilman*, 47 Minn. 131. The court says: "The actions for rescission, and for damages for fraud or breach of warranty, are entirely distinct." And it was held that where, as here, with full knowledge of the facts, the action, as brought, was for a rescission, alternative relief by way of damages cannot be recovered therein. The converse, of course, would be true, that if brought for damages a rescission would not be awarded.

Another point appellant makes is that the order overruling the demurrer to the first amended complaint is now open to review. While conceding the general rule to be that a party waives a ruling sustaining a demurrer to his pleading when he pleads over or amends, yet he says this has no application here, for he was not allowed to file a second amended complaint, and therefore got no benefit from his election.

This reasoning is specious, but not sound. Indeed, unless we treat the tendering of the second amended complaint as an application for leave to amend, or as the act of presenting an amended pleading in pursuance of previous leave, plaintiff has no standing at all, for an order of court is a condition precedent of the right to amend. By tendering for filing the second amended complaint, though it was refused, he manifested an intention to waive any error that may have been committed by the court in sustaining the demurrer to the first amended complaint, and waived the right to assign error thereto, just as clearly as though he had succeeded in procuring an order for its filing and afterwards the court had stricken it from the files, or sustained a demurrer to it.

It is not true, as claimed, that plaintiff was cut off of a right to amend. The court did not decide that some kind of an amendment might not be made, but only that the second amended complaint tendered was not proper; and when

a party can assign error either to a ruling refusing leave to file, or striking from the files an amended pleading, he may not also assign error to a previous ruling sustaining a demurrer to an earlier pleading which the amended one was intended to supplant. It would be manifestly unfair to permit this to be done. *Wheeler v. Barker*, 51 Neb. 846; *Heaton v. Myers*, 4 Colo. 59. If, however, the order sustaining the demurrers was before us for consideration, it would be affirmed. Without examining into any other ground of demurrer, it is sufficient to say that the first amended complaint was clearly subject to the objection that there was an improper joinder of defendants, and that was one ground of demurrer interposed by all the defendants.

There are other reasons why the judgment below was right, but to consider them in detail would unduly prolong the opinion, and for the reasons already given, the judgment must be affirmed, and it is so ordered.

*Affirmed.*

### ON PETITION FOR REHEARING.

PER CURIAM. In the argument in support of the petition for rehearing our conclusion as to the proper construction of the original and first amended complaints has been questioned, but no reason has been presented which leads us in any way to modify the same. Neither at the original hearing nor at this time have we failed to comprehend the theory of the case as advanced by counsel for the appellant, but we do not consider it tenable.

The only point sought to be made, worthy of serious consideration, is that this court has not jurisdiction upon this review. The argument is, since we determined that in the original and first amended complaints the cause of action was, or the causes of action were, for breach of contract, and the object was to recover damages, and the action was dismissed, there is present none of the elements which, under the statute, invoke the jurisdiction of this court.

Our jurisdiction does not depend upon what was contained

in either one of the first two pleadings filed by plaintiff, and counsel clearly misapprehends the ground upon which it attaches. We said distinctly in the former opinion that plaintiff was not in a position to question the rulings of the trial court in sustaining demurrers to either of his first two pleadings, for the reason that by the filing of the first amended pleading he is conclusively deemed to have waived error, if any there was, in the order of the court sustaining the demurrer to the original complaint, and when he elected to file a second amended complaint when the court sustained a demurrer to the first amended complaint, he likewise abandoned the latter pleading.

We also said, and repeat, that when plaintiff tendered for filing, or filed, his second amended complaint, all former pleadings were as if they had not been filed, save only for the purposes of comparison, and we held that our examination of the former pleadings was made solely for the purpose of enabling us to determine whether the second amended complaint tendered for filing was proper in this action. We demonstrated, as we think, in the original opinion, that it was a clear departure from the former pleadings in that, while their object was to recover damages for a breach of contract, its object was to rescind the contract and recover possession of real estate. We deem it unnecessary to repeat the argument by which the conclusion was reached. It is only necessary now to say that the test of our jurisdiction upon this review is whether or not there is present in the case as made by the second amended complaint any of the elements which, by the statute, must be present in order to entitle the defeated party to a review in the supreme court of the judgment against him.

As to this there can be, and is, no question. The cause of action, as set forth in this last pleading of the plaintiff, clearly and confessedly involves a freehold, and it is from the judgment of the district court refusing to permit this complaint to be filed, or what is its equivalent, striking it from the files, and dismissing the action, that this appeal is

prosecuted.  A freehold being involved, our jurisdiction therefore exists, and having obtained jurisdiction of the cause we may, under repeated decisions of this court, dispose of all of the questions involved in the case which have been properly presented for decision.

Satisfied, as we are, from a careful examination of the record that in the second amended complaint there was a clear departure from the cause or causes of action theretofore relied upon, it should not have been filed over the objection of the defendant.  It is quite immaterial what reasons the trial court gave for its rulings.  If they were right and can be maintained for any reason, they should not be disturbed.

The petition for rehearing should be denied, and it is so ordered.

*Rehearing denied.*