[No. 6736.]

## WIGGINGTON v. DENVER & RIO GRANDE RAILROAD CO.

1. PLEADINGS—*Amendment*—The court should be liberal in allowing amendments, in the interest of justice; but the matter lies in the discretion of the trial court, and its action will not be review unless an abuse of the discretion appears—(379).

2. ——*Cause Shown*—Where plaintiff at the conclusion of the trial below applies for leave to amend his complaint so as to abandon material allegations, but shows no cause for the application, and the application is denied, no court of review can determine that there was an abuse of discretion—(380).

3. ——*Practice—Motion to Strike Out Amendment*—Where an amended complaint is filed, without opportunity to defendant to examine it in advance, and state his objections to it, a motion to strike is proper—(380, 381).

*Error to Mesa District Court*—Hon. SPRIGG SHACKLEFORD, Judge.

Mr. HENRY R. RHONE for plaintiff in error.

Mr. E. N. CLARK and Mr. J. G. McMURRY for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This writ of error is prosecuted to review a judgment dismissing plaintiff's action and taxing him with costs. This result befell the plaintiff in this wise: He filed a complaint in which he said that the railroad company maintained a depot at Grand Junction, and employed one Mahaney as a special policeman in and around its depot and grounds, to call the arrival and departure of trains, to maintain order and to arrest and prosecute all persons violating any of the ordi-

nances of the city or laws of the state; that while so employed and acting as such special policeman at the depot of the defendant, by its authority and direction, and under color and by virtue of his employment as a special policeman, Mahaney, without a warrant or probable cause, arrested the plaintiff and imprisoned him, causing him to suffer certain indignities and discomforts. The company answered, admitting that it employed Mahaney as a special policeman for the purposes alleged, and that Mahaney, while so employed and while acting as such special policeman, and under color and by virtue of his duties as such, arrested the plaintiff, took him to the city jail and turned him over to the jailer, and the answer then proceeded with many allegations and separate defenses not necessary to mention. At the trial, the defendant made a motion for a directed verdict in its behalf. Thereupon, the plaintiff asked leave to amend his complaint. This was denied. The court overruled the motion for a directed verdict. Thereupon, the plaintiff asked leave to withdraw a juror and file an amended complaint, which motion was granted and the plaintiff was allowed to file an amended complaint within thirty days. In the amended complaint, he omitted all reference to Mahaney as a special policeman, and alleged that the man was employed by the defendant, and that while so employed, by authority and direction of the defendant and under color of his employment, without a warrant or reasonable cause, arrested the plaintiff and imprisoned him. The defendant moved to strike the amended complaint from the files, and this motion was sustained on the 22d of August. The plaintiff took no further steps in the matter, and on October 7th the action was dismissed and judgment rendered against the plaintiff for costs. The plaintiff contends that two errors were committed; the first in refusing his application to amend his complaint during the progress of the trial, and the second

in sustaining the motion of defendant to strike the amended complaint from the files.

The court and each of the counsel seem to have concluded that if Mahaney was a policeman, and made the arrest by virtue of such authority, the defendant was not liable. While no opinion is expressed as to the correctness of this unanimous conclusion, the happy concord between court and counsel will not be disturbed, for the conclusion is not assigned as error, but, on the contrary, the amendments, which plaintiff desired, were based on its correctness, and the errors go to the action of the court in refusing and striking these amendments.

While courts should be liberal in the allowance of proper amendments in the interest of justice, yet, as said in *Patrick v. Crowe,* 15 Colo. 543, the allowance of such amendments is a matter within the sound discretion of the trial court, the exercise of which will only be controlled in case of abuse.

The plaintiff admits in his brief that the record is defective and incomplete in showing just how he proposed to amend his complaint during the trial. After the motion for a directed verdict was made, the plaintiff offered to prove that Mahaney was not a policeman and asked leave to amend his complaint without specifying how he wanted to amend it. From the record, it may be gathered that he desired to amend so as to permit him to show that Mahaney was not a policeman; that is, to show the opposite of that which was alleged in the complaint. Section 81 Rev. Code provides that the court may "upon affidavit showing good cause therefor" allow an amendment to any pleading. Section 84 provides, that if upon the trial the evidence shall vary from the allegation of a pleading, and the party is surprised thereby, he shall be allowed on motion and "showing cause therefor" to amend his pleading to conform to proofs. It will be noticed that

these sections each state that the amendments may be allowed upon showing cause therefor. A court, therefore, is not called upon to exercise its discretion in permitting amendments, unless a good cause is shown therefore. We are not talking about a case in which the amendment was allowed, but about one in which an amendment was denied. This distinction should be borne in mind. If no cause was shown for an amendment which was denied, an appellate court cannot say that the trial court did not wisely exercise its discretion in refusing to permit it. Unless a showing of a sufficient cause is made, or a sufficient cause is apparent, an appellate court has no means afforded it by which to determine the question, and if it would say that the lower court committed reversible error, under such circumstances, it would be altogether arbitrary and without reason. Now, in the complaint under consideration, the plaintiff alleged that Mahaney was a policeman and made the arrest by virtue of his authority as such, and maintained that position until after the motion for a directed verdict. Nothing had transpired so far as the record shows to warrant such a change, the testimony did not reveal that Mahaney was not a policeman, the plaintiff did not attempt to show that he had made a mistake, or that he was surprised or misled. In fact, he showed no reason whatever for making this change of front. He merely asked to be allowed to change, giving no reason or cause therefor, whatever. How is this court to determine that the lower court abused its discretion? The same is true with reference to the amended complaint which was filed. The order of the court was, that a juror be allowed to be withdrawn, and that the plaintiff be given thirty days to file an amended complaint. When the amended complaint was filed, without an opportunity for the opposing party to examine it and state in advance his objections to it, it was proper practice

for the defendant to move to strike. *Anthony v. Slayden,* 27 Colo. 144. It was upon the hearing of this motion that the court exercised its discretion so as to deny the amendment. Here again no showing was made by the plaintiff, so far as appears in this record, for his change in front and in allegation of facts. This court is given no reason or basis upon which to predicate the assertion that the lower court abused its discretion in striking the amended complaint. The plaintiff admits that the record is defective and incomplete in showing just how he desired to amend his complaint. Enough appears, however, to show that the court must have understood that he wanted to amend so as to get away from the allegations of his complaint that Mahaney was a policeman and made the arrest as such. As has been seen, he made no showing of cause for such a change. The court said that he could not amend that way. It is to be gathered from the record that the plaintiff sought to do, by the amended complaint, what the court said he could not do. It may well be argued from the record that the order of court permitting an amended complaint to be filed was limited by the ruling of the court that it could not be amended as proposed, and that in striking the complaint from the files the court did not regard it as complying with its former ruling and order.

As no showing was made of any reason or cause why the mind of the court should change, or the plaintiff be permitted to show the opposite of that which he had alleged in the original complaint, this court cannot say that the lower court abused its discretion in the matter. The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. Justice Hill and Mr. Justice Garrigues concur.