No. 13,769.

Youngberg *v.* Orlando Canal and Reservoir Company ET AL.
(53 P. [2d] 651)

Decided December 23, 1935.

Mr. Roy A. Payton, Mr. Angelo F. Mosco, for plaintiff in error.

Mr. FRENCH L. TAYLOR, Mr. C. V. MARMADUKE, JR., for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

IN an amended complaint, filed May 2, 1933; a petition for the appointment of a new receiver, filed September 28, 1933; a praecipe for default, filed May 7, 1934, and an amended petition for the appointment of a new receiver, filed July 9, 1934, the Butte Valley Ditch and Reservoir Company, a corporation, and Andrew Dick, John Dick, Catherine Chatin and Jeanne D. Phillips, not theretofore parties to the suit, were named as additional defendants. None of the added parties was served with process of any kind, nor did the court order them made parties. The Butte Valley company gave no heed to the proceedings, and the individuals introduced to the litigation in the manner indicated, appeared specially and moved to strike the amended complaint and to dismiss the suit as to them, which was granted. The court also denied the petitions for a new receiver and praecipe for default. Error is assigned to the several rulings.

It appears that October 12, 1910, plaintiff in error instituted suit against the Orlando Canal and Reservoir Company, a corporation, and others, in which he sought the appointment of a receiver of the assets of the Orlando company, and varying relief as to the other defendants; that December 3, 1910, on motion of plaintiff, there was dismissal as to all defendants except the Orlando company; that December 5, 1910, on plaintiff's motion, and with the consent of the only remaining defendant, one George Dick was appointed receiver; that July 6, 1915, the court ordered the receiver to sell the physical assets of the company for the purpose of paying the expense of the receivership and receivership certificates previously

ordered and issued in aid of the completion of a certain irrigation project promoted and owned by the Orlando company; that August 10, 1915, the receiver made sale as ordered to one Johnson, for $60,000, which the record shows was only sufficient to discharge the items mentioned; that September 18, 1915, the court approved the sale; that thereafter Johnson assigned the certificate of purchase issued to him, to the Butte Valley Ditch and Reservoir Company, a corporation, and October 9, 1915, the receiver deeded the property to that company.

In addition to the occurrences already related, the record discloses that in August, 1924, George Dick obtained a personal judgment against the Butte Valley Ditch and Reservoir Company, the company that had become the owner of the physical assets of the Orlando company, as we have seen; that execution issued on the judgment and levy was made on said assets, pursuant to which sale was had August 16, 1924, and where the judgment creditor became the purchaser; that August 28, 1927, Dick, still the owner of the property, departed this life, and Andrew Dick, John Dick, Catherine Chatin and Jeanne D. Phillips, became possessed of the property through inheritance. At no time, from December 5, 1910, when he caused the appointment of a receiver, till May 2, 1933, when his amended complaint was filed, did plaintiff take any steps in the suit or otherwise manifest, so far as appears, the least interest in the litigation. With exception of the amended petition for the appointment of a new receiver, which was denied immediately on its filing, leave to file the belated pleadings was neither had nor sought.

It further appears that when the Dick heirs learned of the filing of the amended complaint, they promptly moved to strike it from the files, urging many grounds, one of which was that it was filed without leave of court. ▮ In moving to strike the amended complaint, the approved practice was followed. *Anthony v. Slayden,*

27 Colo. 144, 60 Pac. 826. ''Without leave of court the plaintiff was without right to file an amended complaint.'' *Galligan v. Luther,* 54 Colo. 118, 128 Pac. 1123. Whether it should be stricken rested in the sound discretion of the court. *Wiggington v. D. & R. G. R. R. Co.,* 51 Colo. 377, 118 Pac. 88. Considering that some twenty-three years elapsed between the filing of the original complaint and the amended complaint, we cannot think the court abused its discretion in ordering the new pleading to be stricken.

In the matter of the denial of plaintiff's petitions for a new receiver, filed September 28, 1933, and July 9, 1934, and for default, filed May 7, 1934, we perceive no error. The assets of the Orlando company, as the trial court observed, had long since been disposed of through the original receivership, leaving nothing upon which a new receivership could operate. Like logic applies to the petition for default, for since through the receivership of plaintiff's prompting, the original defendant in the suit had been stripped of property, default entry would have been idle as against it; and there were no other defendants. Besides, through the receivership, every purpose of the suit as against the Orlando company had come to fruition.

Considering that from December 10, 1910, when through the receivership of plaintiff's initiation possession and control of the assets and activities of the Orlando company rested with the receiver, to October 9, 1915, when the receiver made conveyance to another company, plaintiff made no complaint; that from the date of the conveyance mentioned to August 16, 1924, when the purchasing company lost its property through execution sale on a personal judgment obtained against it, plaintiff took no steps to assert any rights in the premises; that from August 16, 1924, to August 28, 1927, when the judgment creditor purchaser of the property departed this life, plaintiff gave the suit of his own institution no attention whatever; and continued in like manner till May 2, 1933, when through the expedient of an amended

complaint he sought to involve an intermediate corporation owner of the original assets, and the heirs of a still later owner, representing an elapsed time of more than twenty years, we think the rule of laches operates against him. *Raymond v. Conery,* 50 La. An. 155, 23 So. 208. Some further allegations of the amended complaint may be said to lend emphasis to that view. Plaintiff says that before 1910, when he sued for receivership relief, the Orlando Company, under contract to supply him with water for irrigation purposes, failed to keep its agreement; that from 1910 to 1915, the period of the receivership, the receiver failed in like manner; that from October 9, 1915, to August, 1924, the then corporation owner (the Butte company) failed to furnish him with water; that for the three years next ensuing, Dick, owner, also failed. It is informing to record that plaintiff's interest is represented by a contract of November 5, 1907, between him and the Orlando company, by the terms of which he was to pay $5,600, $1,600 in cash, and the balance in payments, the company to supply him with water for irrigation purposes. Giving verity to his amended complaint allegations, plaintiff was justified in withholding the $4,000 additional sum, as he did. But since from the inception of his contract procurement of water for irrigation was of evident first concern, plaintiff's prolonged nonattention in the premises disposes us to the view that the court rightly appraised his Rip Van Winkle awakening.

Let the judgment be affirmed.

Mr. Chief Justice Butler and Mr. Justice Holland concur.